## Koch, Dreyfus & Co. v. Anna G. Bruce et al.

Decided March 18, 1899.

**1. Fraudulent Conveyance—Notice.**

Notice or knowledge by the purchaser of property from an insolvent debtor of the latter's intent to hinder, delay, or defraud his creditors, renders the transfers void, notwithstanding that no more goods were transferred than were reasonably sufficient to pay the debt, the statute so declaring the rule as to the effect of notice (article 2544, Revised Statutes), and a charge is erroneous which fails to state that the purchaser, to be protected, must have no notice of the creditor's fraudulent intent.

**2. Charge of Court.**

Defendant is entitled to an instruction in the substantial language of his request, where the same conforms to the language of his plea and of the statute upon which his rights depend.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*Alexander & Fain, Howard Martin, J. M. Richards,* and *A. H. Culwell,* for appellants.

Hunter, Associate Justice.—The nature of this case was clearly set forth by Justice Stephens on a former appeal. See 40 Southwestern Reporter, 626.

On a second trial below the vital question raised by the evidence in the case was whether H. M. Bruce, the son of Anna G. Bruce, made the transfer of the jewelry levied on with the intent and purpose of hindering, delaying, and defrauding his creditors, and whether the said Mrs. Bruce knew of such intent and purpose, and these facts were affirmatively and specially pleaded in the answer of appellants.

On this issue the court charged the jury as follows:

"1. An insolvent debtor has the right to transfer his property to one of his creditors in payment of a debt due such creditor, even though the effect of such transfer is to hinder or delay other creditors, provided the creditor acts in good faith and takes the property for the sole purpose of collecting his debt, and the fact that such transfer may have the effect to prevent other creditors from collecting their debts will make no difference.

"2.. If you find and believe from the evidence in this cause that H. M. Bruce on or about the 12th of May, 1894, transferred to the plaintiff, Anna G. Bruce, the jewelry and property described in plaintiff's petition, and if you believe the said H. M. Bruce was at the time indebted to the plaintiff Anna G. Bruce for money loaned him and on other accounts, and if you believe said property was so transferred to the plaintiff for the sole purpose of paying said debt, and if you believe the property transferred was not greater in value than the debt due by the said H. M. Bruce, and if you believe the defendant Collier as constable levied upon and took possession of the property described in the pleadings by virtue of the writs of attachment and execution set out in plaintiffs' petition, you will find for the plaintiffs the value of the property so taken in the city of Weatherford at the time it was so levied upon, in the condition it was then in, together with 6 per cent interest thereon from the date of the levy. If you do not believe that the property levied on was the property of the plaintiff, Mrs. Anna G. Bruce, you will find for defendants.

"3. Every gift, transfer, or assignment made with intent to hinder, delay, or defraud the creditors of the person making such transfer shall be deemed fraudulent and void as to such creditors.

"4. If you find and believe from the evidence in this cause that the said H. M. Bruce was on the 12th of May, 1894, insolvent, and if you believe that Mrs. Anna G. Bruce knew that the said H. M. Bruce was insolvent, and if you believe that on said 12th of May, 1894, the said H. M. Bruce transferred the property in controversy to Mrs. Anna G. Bruce, and if you believe that Mrs. Anna G. Bruce at the time of the said transfer knew that the said H. M. Bruce was insolvent, or knew of such facts as would put a reasonably prudent person on inquiry, and if such an inquiry would have shown H. M. Bruce to be insolvent, you will find for the defendants, unless you believe from the evidence that the said H. M. Bruce was at the time indebted to Mrs. Bruce, plaintiff, and that the transfer was made for the purpose of paying the debt due to Mrs. Anna G. Bruce by the said H. M. Bruce and for no other purpose.  *  *  *"

"11. If H. M. Bruce was justly indebted to the plaintiff Anna G. Bruce, and if the stock of jewelry in controversy was transferred to her in payment of such debt, and if the goods transferred was not of greater value than the amount of the debt due, and if the only purpose of Mrs. Bruce in taking such jewelry was to collect the debt, she would be entitled to recover, if the jewelry was levied on as charged, even though you may believe and find that the purpose of H. M. Bruce in transferring the same was to defraud and cheat his other creditors."

The appellants requested the following charges:

"3. You are charged, gentlemen of the jury, that if you believe from the evidence in this case that Henry M. Bruce was insolvent, and sold the property in controversy to plaintiff A. G. Bruce in payment of a bona fide debt owing by him to her, and that the purpose of the vendor, Henry M. Bruce, was to hinder, delay, or defraud his creditors, and that

plaintiff, A. G. Bruce, had acknowledge of such purpose, or had knowledge of such facts as would have put a reasonably prudent person on inquiry, or she participated in such fraudulent purpose, then in that event you are instructed that such transfer would be fraudulent and void as to the creditors of Henry Bruce."

"7. If you find from the testimony that Henry M. Bruce sold to Anna G. Bruce, his mother, his entire stock of jewelry, fixtures, etc., on the day after a part of his stock had been levied on under an execution, and that said Henry Bruce informed said Anna G. Bruce at said time of sale that his stock was liable to be taken by his creditors, as a part had been, and that said Henry went to an attorney and had prepared the bill of sale afterwards executed by said Henry and filed for record by Dan Bruce, the same not having been delivered to Anna G. Bruce, and if you believe further that said bill of sale was executed by Henry M. Bruce for the purpose and with the intent to hinder, delay, or defraud creditors of said Henry Bruce, and that said Anna G. Bruce had notice of such intent, and that defendants, Koch, Dreyfus & Co. et al., were creditors of said Henry Bruce at the time of the execution of said bill of sale, then you will find for the defendants."

The appellants assign error on the eleventh paragraph of the charge, and in connection therewith complain that the special charges above copied should have been given; and we are of opinion that this assignment will have to be sustained. We do not think the other paragraphs of the charge quite cure the error complained of, though the learned judge evidently so understood it.

The error is that the court's charge fails to inform the jury that if Mrs. Bruce had *notice* of the *intent* of H. M. Bruce to hinder, delay, or defraud his creditors, the transfer to her would be void, and she could not recover, while the special charges asked covered the issue as pleaded and as provided in our statute of frauds; and we think the substance, at least, of the third special charge should have been given. Sayles' Civ. Stats., art. 2544.

Taking only the terms of this article which apply to this case, it would read as follows: "Every * * * transfer * * * of any estate, real or personal, * * * given with intent to delay, hinder, or defraud creditors of what they may be lawfully entitled to, shall, as to such creditors, * * * be void. This article shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor."

Under this statute, if H. M. Bruce made the transfer with intent to hinder, delay, or defraud his creditors, that is, to cover up the property from the other creditors, and not really and merely to prefer his mother, and his mother had notice of such intent, the same would be void, and the charge nowhere so informed the jury. We think it very nearly did so, but under the special answer of the appellants they were entitled to have the very issue presented that was pleaded by them, and in the substantial language of their plea, as asked in their charge and as laid down in

the statute.  See Frost v. Mason, 17 Texas Civ. App., 465, and cases there cited.

In Cameron v. Cates, 46 Southwestern Reporter, 398, we said: "The issue was sharply made by the pleadings and the evidence, and the case hung doubtfully upon the fine lines that divided an honest and legal transaction from one which the law must hold as fraudulent. The plaintiffs, under such circumstances, had the right to have their theory of the case, as thus specially and distinctly pleaded, submitted to the jury in a clear and distinct charge, inasmuch as they had requested it." Railway v. McGlamory, 89 Texas, 635.

On the issue as to whether the jewelry was the separate property of Mrs. Bruce, what we said on the former appeal in this case we adhere to and confirm.

We find no other material error in the record, but because of the court's refusal to give the special charges asked, we reverse the judgment herein and remand the cause for a new trial.

*Reversed and remanded.*