MAY VEATCH ET AL. v. DOCK GRAY ET AL.

Decided December 13, 1905.

**1.—Findings of Fact.**

An assignment of error based upon the failure of the trial court to find additional facts is without merit in the absence of a request for such findings.

**2.—Circumstantial Evidence—Deed Record.**

Plaintiffs relied upon circumstances to prove the execution of a deed to their ancestor for the land in controversy by the original grantee. Defendant offered in evidence an original deed record book containing a deed or contract of sale by said grantee to a third party for part of the land claimed by plaintiffs. This instrument was not acknowledged or proven for record in any way. In connection therewith it was shown that the record was in the handwriting of the county clerk at that time; that he was dead; that he was an honest man and a careful clerk; that the deed appeared on the record in chronological order; that said third party sold the land and his vendees took possession of the same. The evidence was objected to because the deed was not authenticated for record. Held, admissible as a circumstance tending to show a sale by the original grantee to another party of the land claimed by plaintiffs, and so rebutting plaintiffs' contention.

### 3.—Trespass to Try Title—Prior Possession.

It was shown that plaintiffs' ancestor was in possession of a part of the land in controversy from 1842 to 1845, inclusive. From that time until 1897 there was no assertion of title or claim to the land by himself or his heirs. Held, insufficient to authorize a recovery by reason of such possession.

### 4.—Presumption of Grant.

Proof of the execution of a deed by circumstances is a question of fact, and the finding of the court or jury on such issue will have the same conclusive weight on appeal as their finding on any other issue.

Appeal from the District Court of Jasper County. Tried below before Hon. W. P. Nicks.

*W. D. Gordon* and *W. W. Blake,* for appellants.—The acts of ownership of appellants' ancestor, Jno. A. Veatch, consisting of permanent improvements upon the land and long continued possession and claim of ownership, with rendition and payment of taxes, coupled with the fact that it was commonly known among the old settlers in that community as Veatch's land, and the further fact that such claims of ownership and possession and exclusive appropriation of the land were acquiesced in and not disputed by any person or persons claiming adversely thereto until long after the record evidence of title had been destroyed by fire and death had removed the parties having personal knowledge of the origin of such claim of title and ownership—established the beneficial ownership of the land in appellants as conclusively as same could be by written memorials of title, and the burden devolved upon the appellees to show that the title, which the law therefore presumed to be in appellants, was not a good and sufficient title upon which they could recover; and, this burden not having been discharged, the court should have awarded the land to appellants. House v. Reavis, 89 Texas, 626; Foster v. Johnson, 89 Texas, 640; Davidson v. Wallingford, 88 Texas, 625; Cartmell v. Gammage, 64 S. W. Rep., 316; Fletcher v. Fuller, 120 U. S., 534; Heardon v. Vick, 89 Texas, 475; Tieman v. Cobb, 80 S. W. Rep., 250; Rice v. St. Louis A. T. Ry. Co., 87 Texas, 90; Baldwin v. Goldfrank, 88 Texas, 257.

*Terry, Cavin & Mills,* for appellees.—If the findings of fact of the trial judge are not sufficiently full, the attention of the trial court should have been called to the defect; otherwise it will not be considered on appeal. Appellants, having failed to call attention of the trial court to any deficiency or omission in his findings of fact, can not be heard on appeal to complain of such deficiency.

Where the findings of fact of the trial court have been put in writing and filed, a party should not be permitted to complain of a failure to find any particular issue without special request therefor. Thomas v. Quarles, 64 Texas, 493; Gulf, C. & S. F. Ry. Co. v. Fossett, 66 Texas, 339; Andrews v. Key, 77 Texas, 39; Lanier v. Faust, 81 Texas, 189; Rio Grande Cattle Co. v. Burnes, 82 Texas, 57; Hensley v. Lewis, 82 Texas, 597; Tackaberry v. The Bank, 85 Texas, 496; Cassin v. LaSalle County, 1 Texas Civ. App., 131; Fitzhugh v. Franco-Texas Land Co., 81 Texas, 314.

While possession of land is prima facie evidence of title in the pos-

sessor, where such possession is abandoned for a long period of time it ceases to be sufficient evidence of such title against a subsequent possessor. Appellants only have shown possession in their ancestor for a few years in the '40's, and appellees, having been in possession of the land in later years, appellants' prior possession of the said land under their ancestor was not sufficient to sustain a finding of title in them or their ancestor. Texas Tram & Lumber Co. v. Gwin, 67 S. W. Rep., 892; Burroughs v. Farmer, 45 S. W. Rep., 846; Tyler on Ejectment and Adverse Possession, pp. 70-72.

The law of this State is that the presumption of title raised by possession can only be indulged where the prior possession is shown to have extended to definite boundaries. Appellants having failed to show any fact, except that John A. Veatch for three years during the '40's had a tenant living on a small farm on the McGallin league, failed to show that there was any possession by Veatch personally, or through tenant, of any portion of the said McGallin league by definite boundaries. Sulphen v. Norris, 44 Texas, 204.

If appellants' theory in this case is accepted as correct, appellants and appellees were joint tenants of the land in controversy. Appellants can not evict, by an action of trespass to try title, a joint tenant, but only a trespasser. Davidson v. Wallingford, 88 Texas, 620; Baldwin v. Goldfrank, 88 Texas, 261.

While the instrument referred to in appellants' sixth assignment of error may not have been admissible as a recorded instrument, and may not have been properly authenticated for record, yet the pages of the original record book containing such instrument were admissible as a circumstance tending to prove its execution, and taken in connection with the other evidence introduced, as circumstances tending to prove title to the said 147 acres of land in Jordan and his vendees, were sufficient to establish the execution of said instrument. McCarty v. Johnson, 49 S. W. Rep., 1100; Baylor v. Tillebach, 49 S. W. Rep., 720; Schultz v. Tonty Lumber Co., 82 S. W. Rep., 353; Ammons v. Dwyer, 78 Texas, 646.

Where a bill of exception does not indicate the point decided or the exception sustained, it will be disregarded. Stephens v. Bowerman, 27 Texas, 20.

A bill of exception must state the act of the court excepted to with such circumstances, or so much of the evidence, as may be necessary to explain it. Hurd v. Texas Brewing Co., 21 Texas Civ. App., 299, 300.

An objection to testimony not shown in the bill of exception will be disregarded, the court not being required to look to the record to ascertain it. Fields v. Haley, 52 S. W. Rep., 116.

Bills of exception to the overruling of objection to testimony admitted should disclose the evidence given. Hancock v. Dimon, 17 Texas, 371.

Bills of exception to the admission of evidence should set out the evidence objected to. Williams v. Deen, 5 Texas Civ. App., 577.

Rule number 59 for the District and County Court, which reads as follows: "Bills of exception must state enough of the evidence or facts proved in the case to make intelligible the ruling of the court excepted to in reference to the issue made by the pleadings."

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title by May Veatch and others, heirs-at-law of J. A. Veatch, deceased, to recover of Dock Gray and others an undivided fourth of the Thomas Mc-Gallin league of land in Jasper County. This 1,107 acres undivided is further stated, in what was intended, we suppose, to be a part of plaintiffs' petition, to be an undivided one-half of 2,214 acres remaining after the sale from McGallin to Benj. Lindsey, and being the south one-half of the east one-half and the east one-half of the west one-half of said league.

Defendants answered by general demurrer, general denial, and by special pleas, setting up limitation of three, five and ten years and innocent purchaser for value without notice.

This case appears to have been consolidated with a certain suit by D. E. Teague and others against Dock Gray and other defendants, in which plaintiffs appear, by this petition, to have sued for the other undivided half—that is, the north one-half of the east one-half and the west one-half of the west one-half of the McGallin league. The petition in this latter case is copied in the record, and the court embraced in one decree the judgments in the two cases, but no further reference is made in the record to that case.

The case was tried by the court without a jury, and there was a judgment for defendants and against the plaintiffs, May Veatch et al., from which this appeal is taken.

Appellants assign as error the failure of the court to incorporate in the findings of fact certain additional facts which, it is claimed, were established by the undisputed evidence. The conclusions of fact and law were formally excepted to by both parties, but there was no request by either party for additional or fuller findings of fact. This is a sufficient answer to the first and second assignments of error. (Hensley v. Lewis, 82 Texas, 597; Lanier v. Foust, 81 Texas, 189.) The findings of fact appear to be very full and specific. It is not disputed that they are supported by the evidence. In fact, appellants admit in their brief that they are correct except in the respect in which they are specifically challenged. The additional facts which appellants claim the court should have found are, in the main, only the evidence upon which the findings of the court are based.

The conclusions of fact of the court, which are here adopted, are as follows:

"1st. I find that the Thomas McGallin league of land, a part of which is in controversy in said cause, was granted to Thomas McGallin on the 24th day of July, 1835, by title number 753, volume 22.

"2d. I find that the plaintiffs, May Veatch, J. Allen Veatch, Annie E. Snow, joined by her husband G. H. Snow, Jno. Alfred Veatch, Chase Gitchell, Corwin Gitchell, Allan Gitchell, Ada E. Gitchell, Myrtle Gitchell, Fannie V. Sheridan and Samuel H. Veatch are the heirs of Jno. A. Veatch, deceased.

"3d. I find that said Jno. A. Veatch, deceased, lived near said Thomas McGallin survey, but on a different survey, from about 1836 to about 1845, when he moved to Town Bluff, in Liberty County (now Tyler County), and practiced medicine in partnership with Dr. John Work; and that, before and after moving to Town Bluff, Dr. Work and

Dr. Jno. A. Veatch, deceased, lived for awhile together prior to the time when they moved to Town Bluff.

"4th. I find that said Jno. A. Veatch, deceased, left Town Bluff in the latter part of 1845, or early part of 1846, and never returned to Jasper County except for a short while in the latter part of 1848 or early part of 1849.

"5th. I find that Jno. A Veatch and Larkin Smith, in 1849, executed a power of attorney to W. C. Anderson to sell an undivided one-half of the Thomas Gallin league, which power of attorney purported to have been executed in San Antonio, Texas.

"6th. I find that said W. C. Anderson, as such agent under said power of attorney, in December, 1872, conveyed an undivided one-fourth interest in the said McGallin league as the property of Larkin Smith.

"7th. I find that the said McGallin league of land was rendered for taxes by W. C. Anderson as the property of Jno. A. Veatch and Larkin Smith for the years 1846, 1847, 1848 and 1849.

"8th. I find that Jno. A Veatch died in 1870, in Portland, Oregon, and that his first wife died in Town Bluff, Texas, in 1845, prior to the time said Jno. A. Veatch left Town Bluff.

"9th. I find that Dr. Jno. Work recovered a judgment against said Jno. A Veatch, in the District Court of Tyler County, in October, 1851. and that by virtue of said judgment an execution issued out of said District Court, and was by the sheriff of Jasper County levied on a part of the Thomas McGallin league of land and sold under said execution as the property of said Jno. A. Veatch.

"10th. I find that Jno. A. Veatch had a field cleared on the said McGallin league of land, and had a house built on the same, and had a tenant, Bradshaw, on said place in 1842, 1843, 1844 and 1845, and collected the rent from said tenant.

"11th. I find that the heirs of said Jno. A. Veatch have never been able to find a deed for the land in controversy in this suit to Jno. A. Veatch.

"12th. I find that the records of Jasper County were destroyed in 1849.

"13th. I find that in March, 1836, Thomas McGallin conveyed to Wm. Jordan a part of the land claimed by plaintiffs, and that the same has been the greater part of the time since 1836 occupied by parties claiming under Wm. Jordan."

From the statement of facts we find the following additional facts:

1. That the power of attorney from Veatch and Smith to Anderson recited that the part of the McGallin league embraced in the power of attorney was sold by Thomas McGallin to Gilbert Thompson, and by Gilbert Thompson to the said Veatch and Smith, and that the part so sold to them amounted to an undivided interest of one-half of the whole tract, which consists of a league of 4,428 acres. It was further recited that the remaining half of said league was sold by McGallin to Benjamin Lindsey, and in the power of attorney Anderson is authorized to make a division of the land with Lindsey, and to sell in the event he could get a purchaser at $1 per acre. The power of attorney was executed in 1849 and recorded in 1873.

2. Anderson, in 1872, under this power of attorney, sold and con-

veyed an undivided one-fourth of the league, being the interest of Larkin Smith, to W. L. McGee.

3.  Wm. Jordan in 1847 sold and conveyed to Nathaniel Addison the 147 acres conveyed to him by McGallin in 1836, describing it as "the place where Addison now lives," in addition to the description.

4.  In 1869 Nathaniel Addison and wife sold and conveyed this tract to W. L. McGee by the same description.

5.  In 1876 certain persons, styling themselves heirs of Thomas McGallin, and one Norvell Lipscomb (who claimed title to an undivided one-half of the league under conveyance from said heirs executed in 1873), brought suit against W. L. McGee, and recovered judgment by default against him for the McGallin league, describing it by metes and bounds, except the 147 acres, which it is admitted in the petition was sold and conveyed by Thomas McGallin to Wm. Jordan on March 19, 1836.

6.  In 1897 S. H. Veatch, one of the heirs of J. A. Veatch, having cut some timber off of the league, was sued by the East Texas Land & Improvement Company in trespass to try title for the league, which suit was, in 1899, dismissed.

7.  Search was made by S. H. Veatch for a deed to his father, J. A. Veatch, but he could never find one.

The only conclusion of law found by the court is as follows: "The plaintiffs relied in said cause upon establishing title in Jno. A. Veatch to the land in controversy by presumption of a conveyance of said land to Jno. A. Veatch, and I conclude that the facts above found are not sufficient to warrant such presumption. And the plaintiffs having failed to show title to the land in controversy from the sovereignty of the soil down to themselves. I conclude that they should take nothing by their said suit." This conclusion is assigned as error.

Before passing upon this assignment we will dispose of other assignments of error upon the ruling of the court in the admission of evidence.

The appellees offered in evidence original record book of deeds of Jasper County, and the page thereof on which was recorded what purported to be a deed or contract of sale from Thomas McGallin to Wm. Jordan, for a certain tract or parcel of land containing 147 acres more or less, described as being "situated on the Angelina River around the improvements where the said Jordan lived," the boundary lines to be further designated as described by the survey made by Marney Lowe. The grantors bound themselves to make to Jordan a bona fide title when they obtained complete title. This instrument was not acknowledged or proven for record in any way, and was recorded in 1879 by A. J. Rigsby, county clerk of Jasper County. In connection with this instrument it was admitted that the record book, in which the deed was copied, was in the handwriting of Rigsby, who was at the time county clerk of Jasper County; that he was dead; that the deed appears in proper chronological order with other instruments, and that Rigsby was an honest man and a careful clerk. The evidence was objected to on the ground that the instrument was not authenticated for record, and was void for want of description.

It was not claimed that the deed was a duly recorded instrument, nor was it offered as such. The original record book, showing the record

of the instrument, was admissible in connection with the other evidence offered as to the book in which the instrument was entered, the deed in 1847, by Jordan to Addison, of the same land, and by Addison to McGee in 1869, and the possession by Addison and McGee, as circumstances tending to show the sale and conveyance by McGallin to Jordan of this tract of land. (McCarty v. Johnson, 49 S. W. Rep., 1101.)

The deed was not void for want of description of the land, but served to convey, if no more, an undivided interest of 147 acres, to include Jordan's improvements, to be taken out of the McGallin league, upon which it was shown these improvements were located. The objections to its introduction were properly overruled. This evidence, however, appears to us to be entirely immaterial as affecting any issue in the case, and evidently was not considered by the trial court. If there was any error in its admission it clearly did not prejudice appellants.

Objection is made by appellees to the consideration by this court of the matters presented in appellants' bills of exception numbers 1, 2, 3, 4 and 6, on the ground that they are incomplete in themselves, and not sufficient to present to the court the points ruled on by the trial court.

The material part of the bills of exception is as follows. It is apparent that the numbers of the pages of the transcript referred to were inserted after the bill was signed:

"Be it remembered that, on the trial of the above numbered and entitled causes, defendants, to maintain the issues on their part, offered in evidence certified copies of the entries on the execution docket of the District Court of Tyler County, in cause number 84, styled John Work v. John A. Veatch, among which entries was the sheriff's return. (See transcript, pages 22 and 25.)"

The others are similar in character, and subject to the same objection. The bills of exceptions and the assignments of error based thereon can not be considered. Insofar as these exceptions refer to the judgment and sheriff's deed in the case of Work v. Veatch, however, their admission did not, to any extent, prejudice appellants. The deed was not considered by the trial court as vesting any title in the purchaser, Neyland, as shown by the findings of the court, and, if the evidence was considered at all, could only have been considered as a circumstance in support of appellants' claim of title by presumption of a deed to him. The deed did not convey title as against Veatch or his heirs to any land. It was ineffective for this purpose for failure in the levy, and, in fact, the deed itself, to describe any land with the particularity required in a sheriff's deed.

The assignment of error referring to the admission in evidence of the judgment in the case of McGallin v. McGee, and the bill of exception with regard thereto, are subject to the same objections as indicated above, and can not be considered.

It may be said, however, that the only objections made to the introduction of this judgment were that it was irrelevant and immaterial, and that appellants were not parties to it, which are clearly untenable. The evidence was both relevant and material for the purpose, if no other, of showing an active assertion of title by the heirs of McGallin to the whole league, and particularly that part claimed by McGee under the

power of attorney to Anderson as early as 1876. This judgment does not establish nor tend to establish a common source of title between appellants and appellees.

McGee claimed title to an undivided one-fourth of the league by conveyance from W. C. Anderson, acting under the power of attorney from Larkin Smith hereinbefore referred to, being his one-fourth interest. The heirs of Thomas McGallin sued him in trespass to try title for the entire league, and recovered judgment. The only inference to be drawn from this proceeding is that they denied that this power of attorney and deed thereunder conveyed any title as against Thomas McGallin and his heirs; in other words, they denied that Thomas McGallin ever executed any deed for this land, as claimed by appellants, and the judgment established their claim. The effect of this was to establish their title against the power of attorney, and not under it. They held thereafter not under McGee's title, but against it, and there is no foundation for appellants' claim of a common source of title between themselves and appellees based on this judgment.

Neither are appellants entitled to recover upon their former possession. Insofar as the evidence establishes anything in this regard, it shows that J. A. Veatch was in actual possession of a part of the McGallin league during the years 1842, 1843, 1844 and 1845. He left the State in 1849 and never returned, and the evidence discloses no assertion of title or claim to the land, or any part of it, by himself or his heirs, up to the year 1897, except the general and indefinite statement of S. H. Veatch that at some time, the date of which is not given, he forbade persons to trespass on the land, to which they paid no attention.

In the meantime, as early as 1873, we find persons claiming to be the heirs of Thomas McGallin executing a deed to one-half of the league, and a power of attorney to Norvell authorizing him to convey their interest, followed in due course by various deeds to persons under whom appellees claim. The four years of possession of a small part of the league can not carry the burden of the total absence of any possession or assertion of claim by Veatch or his heirs, so far as is shown by the record, for the succeeding forty or fifty years, so as to authorize a recovery now upon such possession. (Boroughs v. Farmer, 45 S. W. Rep., 846; Duren v. Strong, 53 Texas, 382.)

There remains to be disposed of only appellants' objections to the conclusion of law of the trial court—that the facts are not sufficient to warrant the presumption of a conveyance of the land to John A. Veatch.

The presumption of a grant, or, more properly, in this case, the proof of the execution of a deed by circumstances, in the absence of direct evidence of such execution, is a question of fact, and we can see no reason why the finding of the court, or of a jury, upon this issue, should not have the same weight in an appellate tribunal as their finding upon any other question of fact. Under this view the finding of the trial court, although stated as a conclusion of law, being really a conclusion of fact, must be sustained if it is authorized by the evidence and not against the great preponderance of the evidence.

It is true that continuous actual possession is not essential to the presumption of a grant, or to the proof by circumstantial evidence of the execution of a deed. (Baldwin v. Goldfrank, 88 Texas, 257.) In

this case it is said by the court that the doctrine "has its just foundation in the principle that long and continuous acts of ownership, acquiesced in knowingly by those who held apparently an adverse title, lead to the conclusion that the person so exercising such acts has acquired the title."

The possession of Veatch was only of a small tract which his tenant occupied from 1842 to 1845. There is nothing to indicate acquiescence in such possession by McGallin, who, it appears from the testimony of S. H. Veatch, left the country in 1840 and never returned. There was not only no possession after 1849, but no acts of ownership after that date until 1897, so far as the record shows, although Veatch did not die until 1870. Anderson did no act under the power of attorney, so far as Veatch's interest is concerned, nor as to Larkin Smith's interest until 1872, and the power of attorney was not recorded until 1873. McGee's title under the deed from Anderson, in 1872, was successfully attacked by McGallin's heirs in 1876, and their active assertion of the ownership of the entire league, as early as 1872, brought no corresponding assertion of claim or acts of ownership by the heirs of Veatch.

The execution of the power of attorney in 1849 by Veatch, the sale of a part of the McGallin league, or his interest therein, under execution against him in 1853, coupled with such possession as he is shown to have had, are strongly suggestive of some title or right in Veatch to an interest in the McGallin league, but when these circumstances are considered in connection with the absence of any assertion of claim or ownership of any kind from 1849 to 1897, and the active assertion of such claim to the entire league by persons claiming to be the heirs of Thomas McGallin, and those claiming under them, beginning in 1872, and persistently followed up until the present date, they do not carry such conviction of the execution of a deed from Thomas McGallin as a foundation for the Veatch claim as would justify us in overruling the conclusion of the trial court and reversing the judgment. The case falls far short in its facts of any adjudicated case which we have found in which the execution of a deed by circumstances, or the presumption of a grant, has been established.

It is proper to call attention to an evident mistake under which counsel for appellants labor in preparing their brief. Reference is made to the deed to Benjamin Lindsey, which is referred to in the power of attorney to W. C. Anderson, and it is even stated that this deed was in evidence. There is no mention of this deed in the statement of facts, nor reference to it in any way, outside of the power of attorney referred to. Nor is there any reference in the evidence to a partition whereby Lindsey took a certain part of the league, and Anderson, for Veatch and Smith, the other. The findings of fact by the trial court are likewise without reference to these circumstances.

We find no error in the record, and the judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.