BARNES v. RILEY.

(Court of Civil Appeals of Texas. Galveston. Feb. 23, 1912. Rehearing Denied March 7, 1912.)

1. JUDGES (§ 45*)—DISQUALIFICATION—RELATIONSHIP TO PARTIES.

That a county judge's grandfather and plaintiff's grandmother were brother and sister shows that the judge and plaintiff were connected by consanguinity within the third degree, disqualifying the former to try the case.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. § 45.*]

2. APPEAL AND ERROR (§ 1078*) — ASSIGNMENTS OF ERROR—ABANDONMENT—FAILURE TO COPY IN BRIEF.

Under Court of Civil Appeals rule 29 (67 S. W. xv) assignments of error not copied in appellant's brief are deemed abandoned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

3. TRIAL (§ 395*) — FINDINGS — REFUSAL TO MAKE.

A trial court, in filing its findings of fact, need not set out the evidence upon which they are based; and it was not error to refuse to attach the entire statement of facts tendered by defendant as the court's fact findings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 927–934, 939; Dec. Dig. § 395.*]

Appeal from Tyler County Court; W. P. Nix, Special Judge.

Action by E. J. Riley against A. W. Barnes. Judgment for plaintiff, and defendant appeals. Affirmed.

Mooney & Goodwin, for appellant. Joe W. Thomas, for appellee.

McMEANS, J. The appellee, Riley, as plaintiff in the court below, brought this suit against the defendant, A. M. Barnes, alleging the execution of a contract between plaintiff and defendant, and compliance therewith by plaintiff, whereby defendant had become indebted to him in the sum of $455. Defendant answered by a general denial, and by cross-bill set up the execution by the parties of a different contract to that alleged by plaintiff, and averred that plaintiff had breached said contract, by reason of which he had sustained damages in the sum of $303.20, for which sum he prayed judgment against plaintiff. The case was tried by the court without a jury, and resulted in a judgment for the plaintiff for the amount sued for by him. Defendant has appealed.

[1] R. A. Shivers, county judge of Tyler county, because of his relationship to the plaintiff, certified his disqualification to the Governor, and thereupon the Governor appointed and commissioned Hon. W. P. Nix as special judge to try the case, and he duly qualified as such. Appellant by his first assignment complains that the special judge had no authority to try the case, because the regular county judge was not related to plaintiff within the prohibited degree, and therefore was not disqualified. It appears that the grandfather of the county judge and the grandmother of appellee were brother and sister, and they were therefore connected by consanguinity within the third degree. Gresham v. State, 43 Tex. Cr. R. 466, 66 S. W. 845. The assignment is overruled.

[2] The second and third assignments are not copied in appellant's brief, and will therefore be regarded as abandoned. Rule 29 (67 S. W. xv).

[3] The fourth assignment complains of the refusal of the court to grant appellant's motion to file additional findings of facts. To this motion appellant attached practically the entire statement of facts, and requested the court to adopt such statement as its fact findings. The refusal of the court to do this was not error. The court, in filing its findings of fact, is not required to set out the evidence upon which the findings are based, but to only state the facts established by the testimony. The assignment is overruled.

The fifth assignment assails the findings of fact of the trial judge as being against the preponderance of the evidence. We have examined the evidence in the record, and find that the testimony warranted the court's findings. No reversible error is pointed out by this assignment, and it and appellant's

several propositions thereunder must be overruled.

We find no reversible error in the record, and the judgment is affirmed.

Appellee suggests that the appeal was solely for delay, and requests that, on affirmance of the judgment, he be awarded 10 per cent. damages for delay. This request is denied.

Affirmed.