SPEARMAN v. MIMS et al.   (No. 2005.)

(Court of Civil Appeals of Texas. Texarkana. July 9, 1918. On Appellees' Motion for Rehearing, Oct. 10, 1918.)

1. TRIAL ⟐395(5)—FINDINGS OF FACT—INCLUDING EVIDENCE.

The court's findings should be of facts, and should not include evidence which it thought established, as facts, findings made.

2. APPEAL AND ERROR ⟐219(2)—FAILURE TO MAKE FINDINGS OF FACT—REVIEW.

Court on appeal is not authorized to consider assignments of error predicated on failure of trial court to find as facts certain matters, it not appearing from record that appellant requested trial court to so find.

3. ADVERSE POSSESSION ⟐7(2)—UNDER TEN-YEAR STATUTE—UNPATENTED LAND.

The ten-year statute would begin to run in favor of plaintiff when he took possession of lands within a valid survey claiming title by virtue of a deed, although no patent had been issued to lands within the survey, since those claiming adversely to plaintiff by virtue of the survey could, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7742, have maintained trespass to try title.

On Appellees' Motion for Rehearing.

4. BOUNDARIES ⟐3(3) — DISTANCE VERSUS OBJECTS.

Where calls of survey were for objects specified as on the ground at distances indicated, the fact that survey may not have closed according to a calculation made of distances called for in the field notes would not render survey void as distances called for would be extended to reach the objects.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Suit by Robert Spearman against Charlie Mims and others. The trial court rendered judgment against plaintiff for the land he sued for, but rendered judgment in his favor for other lands, suit for which he abandoned when he filed amended petition, and plaintiff appeals. Judgment reversed, and cause remanded for new trial.

The suit was by appellant against appellees, Charlie Mims, R. B. Rogers, Eva Johnson, and Will Johnson. As made by the amended petition filed December 11, 1917, on which the trial was had, it was to recover of appellee Mims 49½ acres of the Robert Mason survey in Marion county, and of said Mims and the other appellees the value of timber it was alleged they had cut and removed from the land.

Appellant relied solely upon the statute of limitations of five and ten years for title. The trial was by the court without a jury. He found as facts the following: One Hoyt by a deed dated February 23, 1874, conveyed to appellant 10 acres of the W. C. Johnson survey on which appellant then resided as Hoyt's tenant, and undertook to convey to appellant a tract of 110 acres by a description not definite enough to identify same. In buying the 110-acre tract, appellant thought he was acquiring the Curtis Morris survey of about 61½ acres, a large part of which was then fenced and in cultivation. A few years (how many not stated) after Hoyt made the deed to appellant, the latter moved the fence inclosing land in the Morris survey so as to include 5 to 10 acres of the Robert Mason 99 acres survey lying

immediately south of the Morris survey. Appellant used and cultivated the 5 to 10 acres for a period of at least 20 years after the date of Hoyt's deed to him, but he did not know that said 5 to 10 acres was a part of the Mason survey until one Brashier surveyed it and the Morris survey about five years before the date of the trial of the case. Shortly after Brashier surveyed said surveys as stated, appellant applied to appellee Mims for permission to allow the fence he had moved so as to inclose with land on the Morris survey 5 to 10 acres of the Mason survey, as stated above, to remain as it then was until such time as he could conveniently remove it from the Mason land. Appellant rendered 49½ acres of the Mason survey for taxes from about the year 1904 to the date of the trial, and paid the taxes assessed against same during that time. Field notes of the Mason survey made May 24, 1861, purported to contain 99 acres, and the correct field notes made November 30, 1910, on which the survey was patented to Mason's heirs February 23, 1911, contained 99 acres. Appellant was not in possession of any part of said Mason survey long enough after it was corrected by field notes made November 30, 1910, as stated, to perfect title in him under the ten-year statute of limitations.

The trial court's conclusions of law on the facts he found were:

(1) That the deed from Hoyt to appellant was void as a conveyance of the 110 acres mentioned in it, because said 110 acres were not sufficiently described therein.

(2) That appellant, having failed to show that he was claiming the land in controversy under a deed conveying same to him, was not entitled to recover under the five-year statute of limitations.

(3) "That," quoting, "since the state had not parted with its title to said Robert Mason survey by patent, and since the heirs of Robert Mason and their assigns have been in no position prior to the 30th day of November, 1910, to maintain an action of trespass to try title against the plaintiff or any other trespasser on said land, or mandamus against the Commissioner of the General Land Office to compel the issuance of patent, that limitations did not begin to run prior to that time, and therefore the plaintiff cannot recover upon his plea of ten-year statute of limitations."

On said findings and conclusions the trial court rendered judgment against appellant for the land he sued for, as shown by the amended petition on which the trial was had; but at the same time rendered judgment in his favor for 10 acres of the Wm. Johnson survey and all of the Curtis Morris survey, suit for which he abandoned when he filed said amended petition.

T. D. Rowell, of Jefferson, for appellant.
Schluter & Singleton, of Jefferson, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Of the seven assignments in appellant's brief, five are predicated on the failure of the trial court to find as facts certain matters specified. The complaints are on the theory that it was the duty of that court in making findings of fact to include "every particle," quoting from the brief, "of material testimony in aid of limitation title." It not only was not the duty of the court to do that, but it was his duty not to do it. His findings should have been of facts only, and should not have included evidence which he thought established as facts findings he made. Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; Thompson v. Mills, 45 Tex. Civ. App. 642, 101 S. W. 560; Gordon v. McCall, 20 Tex. Civ. App. 283, 48 S. W. 1111; Lumber Co. v. Hare, 61 Tex. Civ. App. 509, 130 S. W. 864; Barnes v. Riley, 145 S. W. 292. But, if the rule were otherwise, we would not be authorized to consider appellant's complaints, because it does not appear from the record that he requested the court to make the findings he says the court should have made. Veatch v. Gray, 41 Tex. Civ. App. 145, 91 S. W. 324; Caplen v. Cox, 42 Tex. Civ. App. 297, 92 S. W. 1048; Hatton v. Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163; Oil Co. v. Oil Co., 137 S. W. 171; Merriman v. Blalack, 57 Tex. Civ. App. 270, 122 S. W. 403.

[3] The other assignments are predicated on the trial court's conclusions of law. We think the conclusion reached by the court that the deed from Hoyt to appellant was ineffective as a conveyance of the 110 acres mentioned therein, because it did not sufficiently describe the land, was warranted by the testimony. But we think the conclusion that the ten-year statute of limitations did not in any event begin to run in appellant's favor until the Mason survey was corrected by the field notes made November 30, 1910, was incorrect. And, as it appears the action of the court in finding against appellant's claim under that statute may have been due entirely to the erroneous view he took of the law, we think the judgment should be reversed and the cause remanded for a new trial. It appears from the record that the 49½ acres sued for were embraced in the original field notes of the Mason survey made May 24, 1861, and in the corrected field notes made November 30, 1910 on which the patent issued. We see no reason why the ten-year statute of limitations should not have commenced to run in appellant's favor when he took possession of the land, claiming to own it by virtue of the deed made to him by Hoyt, nor why, if he continued thereafterwards to occupy or use it, claiming it as his own, for a period of ten years, he did not acquire the title thereto. The reason stated by the trial court was that the heirs of Mason and their assigns were "in no position prior to the 30th day of November,

1910 (the date when the corrected field notes were made), to maintain an action of trespass to try title against the plaintiff or any other trespasser on the land." The contrary of the trial court's view seems to be the law. Article 7742, Vernon's Statutes; Udell v. Peak, 70 Tex. 547, 7 S. W. 786. In the case cited the court said:

"Appellant contends that the statute of limitations could not commence to run against his title until the patent issued in September, 1882, on the ground that the title remained in the state until that time. The land was surveyed by virtue of the Squire Mays headright certificate in 1841, and the patent finally issued for the land embraced in this survey. The original survey segregated the land from the public domain, and the state was ever afterwards powerless to resume control of it, and it having been appropriated by virtue of a valid certificate the equitable title was in the owner of the certificate, and the statute of limitation would run against such title."

The judgment will be reversed, and the cause remanded for a new trial.

### On Appellees' Motion for Rehearing.

[4] From findings of the trial court it appears that there was a notation in pencil on the field notes of the Mason survey made May 24, 1861, as follows: "Does not close—error north 20 varas, error west 47 varas. October 8, 1861." It is insisted that it therefore appeared that the survey was not then a valid one, and hence that the conclusion of the trial court that the statute of limitations of ten years did not begin to run in appellant's favor until the survey was corrected by the field notes made November 30, 1910, was correct, because within the rule announced in Von Rosenberg v. Cuellar, 80 Tex. 249, 16 S. W. 58. But we think the fact that the survey may not have closed according to a calculation made of distances called for in its field notes would not have rendered it invalid. The calls were for objects specified as on the ground at distances indicated. If the objects would not have been reached at the distances called for, the survey would not for that reason have been invalid; but the distances called for would have been extended so as to reach the objects and so close the survey.

The motion is overruled.