STARK et al. v. ROGERS et al. (No. 491.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 24, 1919. Rehearing Denied Dec. 3, 1919.)

ADVERSE POSSESSION ☞7(2)—REFUSAL OF STATE TO ISSUE PATENT NO DEFENSE.

In trespass to try title based on adverse possession, it is no defense that state has refused to issue a patent to defendants, where defendants could at any time have obtained a patent by making a correction in field notes; there being no issue as to the boundaries to the land in controversy, the boundaries as existing on the ground being old recognized established surveys.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Suit by Will Rogers and others against W. H. Stark and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Holland & Holland, of Orange, for appellants.

Wightman & Hancock, of Newton, for appellees.

WALKER, J. This suit was brought by appellees against appellants in the district court of Newton county, Tex., to try title, as well as for damages, to 160 acres undivided, claimed by appellees out of and a part of a certain 600-acre tract awarded to G. Bedell Moore on September 1, 1905, abstract No. 1172, Newton county, Tex.; said 600 acres being a part of certificate 91 T. & N. O. R. R. Co. survey. Appellees based their title on the 10-year statute of limitation. On the trial it was admitted that appellants own whatever right or title G. Bedell Moore acquired from the state. Upon the trial of the cause before the court without a jury, the court rendered judgment, September 9, 1918, for the appellees for the land sued for. From this judgment this cause is now before us for review.

The timber on the 600 acres, being the north and west seven-eighths of section No. 30, was sold by the state of Texas to G. Bedell Moore on May 5, 1900; the only evidence of title given to said Moore being an award card containing as the only description of the land "the north and west seven-eighths of section 30." The 600 acres of land was awarded by the state of Texas to G. Bedell Moore at $2 per acre on September 1, 1905, on his application to purchase timbered lands by the owner of the timber, filed in the office of the commissioner of the general land office of Texas on May 17, 1905; the only evidence of the award being a card to the said Moore describing the land as "the N. and W. seven-eighths of section 30." G. Bedell Moore fully paid for said land on the 18th of September, 1905. The land office has continuously refused and still refuses to patent the land, claiming there is uncertainty in the description of the location of the land; rejecting all field notes thereof, new field notes of said 600 acres are required to be made by or under the direction of the land office surveyor before the commissioner will issue patent for said land.

The plaintiffs offered in evidence the field notes of section 30, T. & N. O. R. R. Co. certificate No. 91, recorded in volume 3, p. 401, of the surveyor's records of Newton County, Tex., which notes were recorded, as above stated, March 6, 1872, and returned and filed on said date in the land office. On November 7, 1895, T. F. Burnham bought 40 acres from the State out of section 30, certificate No. 91, T. & N. O. R. R. Co. survey, for which patent duly issued. Maps and plats were offered and received in evidence showing the location of T. & N. O. section 30 on the ground and its relation to the surrounding surveys. No proof was offered that the field notes made and returned in 1872 were incorrect; all the evidence on this issue being that

the land office, since the sale of the timber, had refused to recognize the old set of field notes. The proof is clear as to the occupancy of the plaintiffs, and no issue is made against their 10-year occupancy, their improvements are located on section 30, and the proof is sufficient in every respect to sustain plaintiffs' 10-year limitation, provided appellants were the owners of a legal or an equitable title to this land. We further find that appellants have had it in their power, at any time since this land was awarded to their grantor, to obtain corrected field notes to section 30, if the old field notes are not correct.

Appellants bring this case to us on two assignments of error; the first being restated in the second, as follows:

"The court erred in rendering judgment for plaintiff for the land sued for on his limitation claim, because there has never been a legal or recognized survey of the land, and defendants, having never received any field notes thereof, cannot know the boundaries thereof, and the boundaries thereof have never been legally established, and cannot be determined that plaintiff . has ever had possession of any portion thereof according as such boundaries may be established, and under which the state will have parted with its title and vest ownership in defendant."

We cannot sustain this assignment. As we understand this record, from the maps and plats introduced before the jury, there is no issue as to the land in controversy, section No. 30. The boundaries, as they exist on the ground, are recognized; old established surveys surrounding this section. Sparks v. Hall, 29 Tex. Civ. App. 177, 67 S. W. 916, an opinion by the Court of Civil Appeals for the Fourth District, on which writ of error was denied by the Supreme Court, is decisive of this appeal. Discussing Von Rosenberg v. Cuellar, 80 Tex. 249, 16 S. W. 58, Chief Justice James, speaking for the court, said:

"That case is essentially different from this one, and it is our opinion that, as defendants had it in their power to obtain the correction at any time, without waiting until 1901, it was practically in their power to have sued at any time since 1871 for so much of the land as they were entitled to under the certificate, and they could not, simply by refraining from making the correction, hold their claim to the land in abeyance, and defeat the running of the statute upon that ground."

See, also, Udell v. Peak, 70 Tex. 547, 7 S. W. 786, Robles v. Cooksey, 70 S. W. 584, Hogue v. Baker, 92 Tex. 58, 45 S. W. 1004, and Spearman v. Mims, 207 S. W. 573.

Finding no error in this record, this case is in all things affirmed.