## E. B. GORDON v. J. M. McCALL.

### Decided January 18, 1899.

**1. Examination of Witness—Leading Questions.**

See question requiring witness to state if she found among certain papers a receipt, in terms stated in the interrogatory, held to be leading, and the admission of of the answer to be error.

**2. Examination of Witness—Irresponsive Answer.**

See opinion for answer of witness to a part of which objections should have been sustained because not responsive to the question.

**3. Secondary Evidence—Lost Instrument—Predicate.**

Proof that parties in whose possession an instrument was last shown to be had made diligent search without being able to find it, is sufficient predicate for the introduction of secondary evidence of its contents.

**4. Homestead in Partnership Property.**

Homestead rights may be acquired in property held by claimant in partnership with others, subject to equitable partition of the property between the partners.

**5. Impeachment of Witness.**

A letter written by a witness, not otherwise admissible, may be received to contradict such witness' testimony.

**6. Practice in Trial Court—Findings of Fact.**

It is sufficient for the trial court to state the conclusions of fact arrived at; he is not required to state the evidence upon which his conclusions are based.

**7. Trial by Court—Admission of Improper Evidence.**

The admission of improper evidence, over objection, by the court trying a cause without a jury is ground for reversal in the absence of a showing in the record that the court gave effect to the objections in determining the issue,—the presumption from his ruling being that it was considered legal evidence.

APPEAL from Brown.    Tried below before Hon. J. O. WOODWARD.

Appellant's first and second assignments were based on objections to the introduction of deeds because of misdescriptions stated as follows:

"Plaintiff sued for the E 1-4 sec. No. 2, of the H. T. & B. R. R. Co. sur. The deed (from Lacey and wife to Gordon, Suttles, and McCall) offered is for the E 1-4 of sec. No. 2, of the H. T. R. R. Co. sur." The

deed from Gordon to Suttles and McCall purports to convey 160 acres out of the H. T. & C. R. R. Co. sur., abs. 508."

The answer of Mrs. Suttles to interrogatory 6, copied in the opinion, was as follows: "I was not familiar with the details of the partnership, but I know there was a partnership between Suttles, McCall, and Gordon, and that my said deceased husband, J. B. Suttles, in the fall of the year '87, went out to Texas for the express purpose of making a settlement of said partnership affairs, and I believe incidentally to represent Gordon in some lawsuit, which Gordon then had, and on his (Suttles') return he brought a statement of the affairs of said partnership, and the receipt referred to in interrogatory 3, signed by said Gordon, acknowledging payment in full of everything due him upon final settlement of said partnership business."

The eighth assignment of error was based on the rejection of evidence by the defendant S. A. Gordon of declarations by A. B. Suttles, deceased, tending to establish a trust in favor of Gordon. The ninth, to the admission of evidence of C. A. Gordon that he was present when Suttles and E. B. Gordon were making a settlement, over objection that the evidence was a conclusion of the witness and hearsay. The tenth and eleventh, to the admission of two letters by W. D. Gordon to plaintiff, objected to as irrelevant, but admitted for the purpose only of contradicting said Gordon's testimony.

The letter of Mrs. Mary Suttles, on which is based the thirteenth assignment of error, referred to in the opinion, is as follows: She writes: "Who is the agent for the bal. due the Land Office on the place and what am't is it that is still unpaid? Dear Josie (meaning J. B. Suttles) said you would pay that if we met the interest on the other place."

The fourteenth assignment of error and the statements from the briefs thereunder were as follows: "The court erred in overruling defendants' objections to the admissibility of the deed executed by Mary Suttles to J. M. McCall, and in admitting said deed in evidence."

[Appellant's statement.] "This deed was not recorded. It was witnessed by C. B. Jones and — Hoskinson, and acknowledged before P. E. Gee, ex officio N. P. and clerk of the Parish Court, Cameron Parish, La. The grantor's signature was proven by G. McCall, witness for plaintiff. It was also proven that both subscribing witnesses live in Cameron, La.

"Defendants objected to its introduction, first, because it did not purport to convey the land in question in this suit; second, because it purported to convey only grantor's interest in land in Comanche County, Texas, and it was not shown what such land was; third, because the deed was not properly proven up, no attempt being made to secure the testimony of the subscribing witnesses; fourth, because no authority was shown for the conveyance of any interest of the heirs of J. B. Suttles, and because such interest did not pass by such conveyance of Mary Suttles; fifth, because the instrument was acknowledged by subscribing witness and the officer's certificate described the officer taking the acknowledgment as ex officio notary public, while the seal used was the seal of the Parish Court of Cameron Parish, La."

*Gordon & Brown* and *Goodwin & Grinnan,* for appellants.

*Jenkins & McCartney* and *R. P. Conner,* for appellee.

FISHER, CHIEF JUSTICE.—McCall, as plaintiff below, brought this suit, in the nature of an action of trespass to try title, against appellants E. B. Gordon, S. A. Gordon, Thomas Sillman, J. T. Downing, and Wm. Fowler, to recover three certain tracts of land described in the plaintiff's petition. Defendants pleaded not guilty and ten years limitation, and E. B. Gordon and wife, S. A. Gordon, set up a homestead claim in 200 acres of the land in controversy, alleging that at the time that E. B. Gordon executed a certain deed to the plaintiff and one J. B. Suttles, in October, 1887, conveying the land in controversy, the said Gordon, together with his wife S. A. Gordon, was residing upon and occupying as their homestead said 200 acres of land, which is described in their answer, and that his wife, codefendant herein, Mrs. S. A. Gordon, did not join in that conveyance.

The appellant E. B. Gordon, by cross-action, alleged that he and the plaintiff McCall and one Suttles were engaged in business together as partners; that since that time Suttles has died, and he impleaded his widow, Mrs. Mary Suttles, and two children, Nannie and Hattie Suttles, minors. He alleges certain facts showing that the plaintiff McCall and the Suttles estate would be indebted to him on a partnership settlement of the firm affairs; that there has never been any settlement, and that the deed under which the plaintiff in part claims the land in controversy, executed by him to the plaintiff and J. B. Suttles, was without consideration, and was executed upon an understanding that the plaintiff and Suttles should hold the land in controversy in trust for the appellant Gordon; that the land in controversy was partnership assets, and by reason of the advancements made to McCall and Suttles, and by reason of the indebtedness of the firm to the appellant Gordon he has a superior right to the land in controversy, which the plaintiff McCall holds in trust for him. The purpose of his cross-action was to assert his superior right to the land, and he brought in Mrs. Suttles and her children in order to bring about and adjust a partnership settlement of the affairs of the firm.

In reply, the appellee alleged that there was a full settlement of the firm affairs between Gordon, Suttles, and the plaintiff, and that the deed in question was executed in consideration of that settlement, and that the superior legal and equitable title to the land is in the plaintiff McCall. That subsequent to the settlement, he had acquired by purchase the interest of Suttles.

The case was tried before the court without a jury and judgment was rendered in favor of the appellee, based upon the following findings of fact and conclusions of law:

"1. I find that in the year 1884 J. M. McCall, the plaintiff, E. B.

Gordon, the defendant, and one J. B. Suttles, formed a partnership for the purpose of dealing in live stock and lands.

"2. I find that this partnership was dissolved some time in the latter part of the year 1887, and at said time there was a settlement made of the partnership affairs among the said partners.

"3. I find that during the continuance of said partnership said partnership obtained, among other property, the lands in controversy.

"4. I find that in said settlement the lands in controversy fell to J. M. McCall and J. B. Suttles, and that, in pursuance thereof, the said E. B. Gordon made a deed to said McCall and Suttles bearing date the 28th day of October, 1887, and in said deed conveyed all of his interest in said lands to said McCall and Suttles, and that there is no trust in said lands in favor of said E. B. Gordon.

"5. I find that E. B. Gordon and S. A. Gordon never had any homestead rights in said lands.

"6. I find that afterwards, that is, some time after the date of the deed from E. B. Gordon to McCall and Suttles, the plaintiff J. M. McCall acquired the Suttles interest in said lands.

"Conclusions of Law.—1. From the foregoing, I conclude that the legal title to said lands in controversy is in the plaintiff, J. M. McCall, and that the defendants have no right or title in or to the same."

Those assignments of error that complain of the ruling of the court in admitting certain deeds in evidence, for the alleged reason that they do not describe the land in controversy or on account of variance in the description between that stated in the deeds and that given in the petition, are not well taken.

The testimony of Mrs. Suttles was procured by the plaintiff by depositions. Before the trial the appellants made a motion to suppress and strike out interrogatories 3, 4, 5, and 6 and the answers thereto, which was overruled by the court. Interrogatory No. 3 is as follows: "Please state if you found among said papers of J. B. Suttles, deceased, a receipt from E. B. Gordon acknowledging payment in full of all due him upon final settlement of partnership business between himself and J. B. Suttles and J. M. McCall." The answer thereto is as follows: "I found among said papers a receipt from E. B. Gordon acknowledging payment in full of all due him, Gordon, upon final settlement of partnership between himself, J. B. Suttles, and J. M. McCall."

The settlement here testified about was denied by the appellant Gordon. He testified to the effect that there never was any settlement,— and he is corroborated to some extent by other evidence,—and denied that he ever gave or executed a receipt to that effect.

It is seen from the findings of the court that the judgment below, to some extent, is based upon the evidence of the plaintiff establishing the fact that there was a settlement of the partnership affairs and that the deed to the land in question was executed by Gordon in consideration of that settlement. In other words, whether there was or not a settlement of the partnership affairs is the turning point in the case. Mrs.

Suttles was a party to the suit, and it is apparent from her testimony that she was not an unwilling witness or hostile to the interest of the plaintiff, and no good reason is apparent from the record why it was necessary to resort to leading questions of the character propounded to her in interrogatory No. 3, in order to elicit and obtain from her facts within her knowledge. The interrogatory is clearly leading and suggestive. It puts into the mouth of the witness the answer desired, and in response she promptly complies with the request, and almost literally quotes the interrogatory in her answer. The interrogatory not only assumes that there was a receipt executed by the appellant Gordon, but undertakes to state its contents, stating in effect that it was a receipt and final settlement in full of all the partnership business between Gordon, Suttles, and plaintiff McCall. The court erred in not striking out and suppressing interrogatory No. 3 and the answer thereto.

Interrogatories 4, 5, and 6, objected to, are to some extent based upon the answer given to interrogatory No. 3; but if her testimony as to the existence of the receipt had been properly procured, then it would not have been error to have permitted her to have testified what became of the receipt and what its contents were or what it purported to be, and who it purported to be executed by. She would not be required to accurately state its contents, but give her best recollections thereof or state what purported to be its contents.

We find no objection to interrogatory No. 6, but the answer thereto in part was admissible and in part objectionable. The witness had a right to state what her knowledge was concerning the partnership business between her husband, McCall, and Gordon, and if she knew, independent of any statement made to her by her deceased husband, she had the right to state what was his purpose in coming to Texas in 1887 and what papers he brought back with him, the knowledge of which she ascertained independent of any statement or information furnished her by her deceased husband.

She stated in reply to this interrogatory that her husband went to Texas in 1887 for the express purpose of making a settlement of the partnership affairs, and on his return he brought a statement of the affairs of the partnership and the receipt referred to in interrogatory No. 3. If her knowledge of these facts was procured by reason of any transaction between her and her husband or any statement made by him to her, the testimony in this respect would not be admissible; for she, being a party to the suit, would be prohibited under the statute from testifying to any statement or transaction between her and her deceased husband unless called to testify thereto by the opposite party, which does not appear to be the case here. The interrogatory in question is to the effect: "Please state fully anything you know about the partnership between Gordon, Suttles, and McCall. How do you know it? Give fully the source of your information and every fact in any way connected with said business."

As said before, it was admissible for her to testify to any fact within

her knowledge concerning the partnership business; but that part of the answer to the interrogatory, wherein she testifies concerning the settlement and execution of the receipt does not seem to be responsive to the question. For the reasons given, it was error for the court to refuse to sustain these objections.

In response to the fifth and sixth assignments of error, we believe that a sufficient predicate was laid as to the loss of the receipt executed by Gordon to admit secondary evidence of its contents; and after its execution was proved, it would have been admissible to have permitted either of the witnesses to state what purported to be its contents.

There was no error in the ruling of the court as complained of in the eighth, ninth, tenth, and eleventh assignments of error. It is unnecessary to go into the points raised by these assignments; but it is sufficient to say that we have carefully examined the questions there raised, and we believe no error was committed in the rulings complained of.

It is contended in the twelfth assignment of error that the court erred in refusing to admit in evidence the appellants' homestead designation. In this we think there was error. There is some evidence in the record tending to show that at the time the property was sold by Gordon to the plaintiff and Suttles, he was occupying to some extent a part of it with his family. As some evidence bearing on the question of his homestead right in the property, he offered a written designation of his homestead prior to the time that the deed in question was executed. It is true that the property at that time was the partnership property of Gordon, the plaintiff, and Suttles, and no homestead rights could be acquired in it but what would be subject to final settlement of the partnership affairs. But if, at the time, the firm was solvent, and that should be its condition upon final settlement, we see no reason why a member of the firm could not acquire a homestead right in lands owned by the firm, subject, of course, to an equitable partition of the property between the members of the firm. Swearingen v. Bassett, 65 Texas, 273.

We also think there was error in the ruling complained of in the thirteenth assignment of error. The letter written by Mrs. Suttles to Gordon on February 21, 1889, was admissible, if for no other purpose, to contradict her testimony concerning the receipt purporting to be a final settlement between the members of the firm.

There was no error in the ruling complained of in the fourteenth assignment of error. The deed from Mrs. Suttles to plaintiff McCall was admissible.

The fifteenth assignment of error complains of the refusal of the court to file further findings of fact and conclusions of law, as requested by the appellants.

We think the conclusions of the court were sufficiently specific and definite. The findings that were further requested in effect required the court to state the evidence upon which it based its conclusions. This is not required. All that the court is required to do in reaching a re-

sult on conclusions of fact and law is to simply state the conclusions that he reaches from the evidence bearing on the issues, and he is not required to state the evidence in his findings, as a predicate to the conclusion. The request made of the court in this instance as to further findings virtually requires him to state the principal facts established by the evidence. As said before, the court is not required to do this.

The remaining assignments of error relate to the facts in the case, about which we express no opinion, as we reverse it upon other grounds.

The appellee contends that if the court erred in the rulings admitting evidence, for which we have reversed the judgment below, that we should regard it as harmless error, because, as the case was tried before the court without a jury, it is not supposed that he was influenced by this testimony, and that as there was other evidence in the record bearing upon the same questions, his conclusions could be based upon that.

Cases might arise in which this view of the question might be accepted; but we do not think that it should be given application in this particular case. The court expressly finds that there was a settlement as contended for by the plaintiff, McCall. This was the turning point in the case, and it was steadily denied by the appellants. There is nothing appearing from the judgment or the conclusions of the court that he did not consider all the testimony in the record bearing upon this question, and it can be assumed that, as he admitted the testimony evidently upon the theory that he thought it legal evidence, he considered it in reaching a conclusion. If it had appeared from any finding of the court that he did not give effect to this testimony and based his judgment upon other evidence, then there would be much force in the contention of the appellee. But such does not appear to be the case.

We are not prepared to say that the judge was not influenced by this evidence, and what was said by the court in the case of Wagoner v. Ruply, 69 Texas, 705, is applicable here: "But if, in the trial of a question of fact by the judge, improper evidence is admitted over formal objections, and there is nothing in the record to show that it was not considered by the judge in deciding the issue, the court on appeal can not say he was not influenced by the evidence, and hence must hold that there was error."

For the errors pointed out, the judgment below will be reversed and the cause remanded.

*Reversed and remanded.*