WILSON v. AUER et al.	(No. 416.)

Court of Civil Appeals of Texas. Eastland. March 23, 1928.

Rehearing Denied April 20, 1928.

1. Bailment ⊕⇒22½—Bailor having accepted from bailee practically all of purchase price under subsequent sales contract could not assert title under contract of bailment.

Where bailee under original contract of bailment, which gave option to purchase automobile, entered into sales contract and actually purchased car, original bailor, having accepted practically all of the purchase price under the contract of sale, could not thereafter successfully assert title based upon the contract of bailment.

2. Trial ⊕⇒395(5)—Trial court's findings need not include statement of evidence.

Findings of fact of trial judge need not include the evidence from which the conclusions were reached.

3. Appeal and error ⊕⇒907(3)—In absence of statement of facts, findings of trial court are presumed to have been supported.

In absence of a statement of facts, reviewing court is under duty to presume that trial court's findings had ample support in evidence.

4. Appeal and error ⊕⇒931(3)—Trial court's finding that sale took place is construed to include findings of necessary facts supporting that conclusion.

Finding of trial court that there was a sale will be construed to include finding of every fact essential to that conclusion.

5. Bailment ⊕⇒22½—Finding that bailee exercised option to purchase and that various credits were allowed her approximating purchase price, supported judgment for her recovery in suit by bailor's assignee to recover title and possession.

Finding that bailee, having option to purchase automobile, acted upon the option, and that commission account and trade-in allowance were credited as payments upon price, held to support judgment for bailee's recovery in action by bailor's assignee for title and possession of car, where amounts so credited amounted to almost the entire price; it being presumed that sufficient evidence was offered to support conclusion of completed sale.

6. Automobiles ⊕⇒371—Purchaser from bailor having no interest in car on account of bailee's prior purchase held not personally liable for debt incurred by bailee for storage.

Where bailee of automobile exercised option to purchase and acquired title from bailor, subsequent purchaser from bailor acquired no title or interest in automobile and was not personally liable for storage bill incurred by such bailee.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Mrs. M. L. Wilson against Mrs. B. V. Auer and L. F. Boone, in which defendant

last named filed a cross-action. From an adverse judgment in the main action and cross-action, plaintiff appeals. Affirmed in part, and in part reversed and rendered.

Goggans & Allison, of Breckenridge, for appellant.

D. T. Bowles and C. J. O'Connor, both of Breckenridge, for appellee.

HICKMAN, C. J. Appellant, Mrs. M. L. Wilson, sued appellees, Mrs. B. V. Auer and L. F. Boone, for the title and possession of an automobile described as a Chevrolet coupé, and for damages thereto. The car was placed in appellee Boone's possession by appellee Auer for storage, and he claimed a lien thereon to secure the amount due him. The appellee, Mrs. B. V. Auer, in her answer alleged, among other things, a written contract between her and the New York Drug Concern, appellant's vendor, one provision of which contract was as follows:

"That B. V. Auer shall have option of purchasing said Chevrolet coupé for the sum of seven hundred forty-four and 60/100 dollars ($744.60), plus cost of any additional equipment at any time while employed by New York Drug Company, but not later than August 1, 1927; that all payments for rental will be applied upon purchase price."

She alleged compliance with all the terms of said contract, that she had paid said rentals, had paid for said automobile in full, and that same belonged to her and was in her possession, she "having paid the full amount specified in said contract."

The appellee Boone, in his answer, disclaimed any interest in the title to the property involved, except his claim of lien for storage. Judgment was rendered that appellant take nothing by her suit, and that the appellee Mrs. B. V. Auer have judgment against appellant and appellee Boone for title and possession of said automobile. On the cross-action of appellee Boone judgment was rendered in his favor against appellant and appellee Mrs. B. V. Auer, in the sum of $60, with a foreclosure of his lien.

The record comes to us without any statement of facts. No complaint is made by appellee Mrs. B. V. Auer as to the judgment rendered against her in favor of appellee Boone. Appellant complains of the judgment against her in favor of each of the appellees. Carefully prepared briefs have been filed, devoted, in the main, to a discussion of the question of whether the contract pleaded by appellee Mrs. B. V. Auer constituted her a bailee; but we think this appeal must be determined without regard to that question.

At the request of appellant the learned trial judge filed his findings of fact and conclusions of law. Among these findings is the following:

"I find that on or about Thanksgiving, 1926, the defendant Mrs. B. V. Auer and L. T. Cash,

operating under trade-name of the New York Drug Concern, met in Little Rock, Ark., and at said time the defendant Mrs. B. V. Auer told the said Cash that she desired to purchase the said automobile, and it was further agreed that the credit of $204.06 which had been placed to defendant's commission account with the said New York Concern, the same being allowed the defendant in trade upon her Studebaker roadster, together with the sum of $530.70, commissions due the defendant from the New York Drug Concern, should be applied by the New York Drug Concern as payments upon said Chevrolet coupé."

[1] No other finding of fact is inconsistent with the one quoted. It will be noted that the two payments mentioned in the finding aggregate the sum of $734.76, which is about $10 less than the agreed valuation placed upon said car in the option contract from which we quoted above. It is the contention of appellant that, since the contract was one of bailment, no title whatever vested in appellee unless and until she paid the entire sum of $744.60. Conceding, for the sake of replying to this contention, that the contract did constitute Mrs. Auer a bailee, and that the only right she had under the contract to compel the New York Drug Concern to transfer title to said car to her was upon compliance with the terms of the contract by the payment of the full sum of $744.60, still that is not the question decisive of this appeal. We construe the finding of the trial judge above quoted as a finding that, after the execution of the contract and within the time therein provided for the exercise by Mrs. Auer of her option to purchase same, a contract was made between her and the New York Drug Concern whereby she did, in fact, purchase it. That subsequent contract changed the relation of bailor and bailee to one of vendor and purchaser, and said New York Drug Concern could not sell the car to Mrs. Auer and accept practically all of the purchase price under such contract of sale and thereafter successfully assert title thereto based upon a contract executed prior to the sale contract.

[2-4] Besides this, it is well established that the findings of fact of a trial judge need not include the evidence from which the conclusions were reached. Since the trial judge found that Mrs. Auer purchased this car from the New York Drug Concern, as pleaded by her, and saw fit to set out in his findings some of the facts and circumstances and evidence of such contract of purchase, we are not to presume that there was no other evidence in the record to support the conclusion that there was a sale; but, in the absence of a statement of facts, it is our duty to presume that this finding by the trial judge had ample support in the evidence. We do not believe it was material that the balance of about $10 of the purchase money was, in fact, paid by Mrs. Auer to the Drug Concern; but, if that fact should be regarded, as contended by ap-

pellant, as essential to support the conclusion of a sale, then it would become our duty to presume that evidence was offered in support of that fact, because a finding that there was a sale will be construed to include the finding of every fact essential to that conclusion. Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; Gordon v. McCall, 20 Tex. Civ. App. 283, 48 S. W. 1111; Producers' Oil Co. v. Snyder (Tex. Civ. App.) 190 S. W. 514; Fitzhugh et al. v. Franco Texan Land Co., 81 Tex. 313, 16 S. W. 1078.

[5] The conclusion is that the pleadings and the findings of fact support the judgment rendered.

[6] We are unable to understand upon what theory judgment was awarded in favor of appellee Boone against appellant. The interest which appellant had in the car, if any, was acquired by her only a few days before the suit was filed through a bill of sale executed by the New York Drug Concern. The judgment in favor of appellee Auer is based upon the conclusion that title passed to her on or about Thanksgiving, 1926. The conclusion that appellant was personally liable for the storage of the car is inconsistent with the judgment that she had no title to or interest in it.

It is our order that the judgment of the trial court in favor of appellee Mrs. B. V. Auer against appellant be affirmed, that the judgment in favor of the appellee L. F. Boone against the appellant be reversed and here rendered in favor of appellant, and that the judgment in favor of appellee Boone against appellee Auer for $60 and a foreclosure of his lien be not disturbed. One-half of the costs of this appeal will be adjudged against appellant and one-half against appellee Boone.

Affirmed in part, and in part reversed and rendered.