### KNAPEK v. STIBA. (No. 7329.)*

Court of Civil Appeals of Texas. Austin. Jan. 30, 1929.

Rehearing Denied Feb. 20, 1929.

*Writ of error dismissed.

and arson, and remained in jail some months."

"7th: That at the time said bill of sale was so executed and delivered by plaintiff to defendant, the plaintiff was sane, and fully possessed sufficient mental capacity to know the nature, consequence and results of his act and transaction in executing and delivering said bill of sale to the defendant; and that no undue influence whatever was practiced or brought to bear on plaintiff inducing him to execute and deliver the said bill of sale to defendant.

"8th: That some three months after the execution and delivery of said bill of sale by plaintiff to defendant, and while said criminal charges were still pending against the plaintiff, plaintiff was adjudged insane in Bell County, Texas, and is now an inmate of the state hospital for insane people, at Austin."

Whereupon appellant filed a second request for a specific conclusion showing upon whom the court placed the burden of proof, contending that the court had found that the evidence showed a general mental incapacity of appellant on July 17, 1927, and prior to the execution of this bill of sale on July 25, 1927; and that therefore the burden of proof shifted to appellee to prove appellant's mental capacity to execute the bill of sale at the time it was executed. In other words, appellant requested the court to file a finding or conclusion, stating whether the court applied the rule that where one makes a prima facie showing that shortly prior to the execution of a contract the person who executed it was insane, or that his general mental capacity was so impaired that he did not appreciate the nature, result, and consequence of his act, the burden of proof or procedure then shifts to the one claiming under the contract to show mental capacity of the party to execute it at the time executed. Appellant contends here that his request should have been granted. We do not sustain the contention for the following reasons:

1. The finding "3rd" is not a finding of general insanity or mental incapacity shortly before the execution of the bill of sale as contended by appellant, but merely details certain criminal acts of appellant for which he was arrested. Therefore, the rule contended for by appellant is not applicable.

2. No statement of facts was filed in this court, and we have no way of determining from the record upon whom the court placed the burden of proof. If appellant made proof showing mental incapacity of appellant to contract shortly before he executed the bill of sale, we cannot determine that issue, because there is no statement of facts from which to do so. Nor is there any showing in the record that the trial judge did not apply this rule, if applicable under

E. M. Grimes, Jr., of Georgetown, and J. W. Thomas, of Belton, for appellant.

Wood & Wood, of Granger, for appellee.

BLAIR, J. Appellant, John Knapek, a person of unsound mind, by his next friend, J. F. Knapek, sued appellee for damages for conversion of certain property, alleging that appellee converted same by taking and claiming it under a purported bill of sale which, if executed by appellant, was executed while he was of unsound mind and incapable of appreciating and understanding the nature, result, and consequence of his act. Appellee denied appellant's mental incapacity to execute the bill of sale, and on a trial to the court without a jury judgment was rendered for appellee.

The court, on request of appellant, filed, among others, the following findings of fact:

"3rd: That on or about the eighteenth day of July, 1927, the plaintiff became furiously angry with his wife, assaulted her with his hands and threatened her life with a gun, causing her to leave the house, after which he fired the gun, and then, by the use of oil and matches, set fire to and completely destroyed the house in which they were living.

"4th: That plaintiff was thereupon arrested and placed in jail by the Bell County officers, and charged with assault on his wife,

the proof. Certainly there can be no error predicated upon the refusal of a trial judge, before whom a case is tried without a jury, to find or conclude on request that he applied certain well-settled rules to the case and relating to the burden of proof or procedure, in absence of a showing that the rules were applicable and that he did not apply them if applicable. Under such circumstances, it will be presumed that the judge trying the case correctly applied such rules.

We are also of the opinion that since the trial court found appellant possessed sufficient mental capacity to execute the contract at the time he did execute it, the fact that he may have been of unsound mind shortly before or after executing same is immaterial, because mental capacity at the time he executed the contract was the ultimate fact to be established. While appellant objected to this finding, he filed no statement of facts, and in absence of a statement of facts it is presumed to have been supported by the evidence.

The judgment will be affirmed.

Affirmed.