## HALL v. MORTON et al.
### No. 1047.

Court of Civil Appeals of Texas. Waco.
April 23, 1931.

Rehearing Denied June 11, 1931.

Carter & Berwald, of Dallas, for appellant.

Tom Whipple, of Waxahachie, and Clyde F. Winn, of Gladwater, for appellees.

BARCUS, J.

Appellant, as the alleged assignee of R. H. Morton & Co., instituted this suit against C. A. Morton as administrator of the estate of R. H. Morton, deceased, and the nine children of said R. H. Morton, to recover title and possession of a tract of land 45 x 80 feet on which was located a brick store building in the city of Midlothian.

The record shows that about 1907, R. H. Morton and W. H. Page were engaged in the mercantile business under the firm name of R. H. Morton & Co., and so continued until R. H. Morton died in 1929. In 1912, they purchased the land in controversy, the deed reciting that it was conveyed to R. H. Morton & Co., a partnership, consisting of R. H. Morton and W. H. Page and that R. H. Morton owned seven-eighths interest in the property and W. H. Page one-eighth interest. At said time, R. H. Morton & Co. were occupying the property as tenants, conducting their mercantile business, and they continued thereafter to occupy said property as a place to conduct their mercantile business until R. H. Morton's death. R. H. Morton and W. H. Page were each married and the heads of families, and said property was the only business homestead either of them had. The mercantile business of Morton & Co. prospered, and, under the court's findings, was solvent until about 1926. In 1921, Mrs. R. H. Morton died, leaving her husband and children, four of whom were minors. On February 17, 1929, R. H. Morton died, leaving surviving him his children, one of whom was an unmarried daughter and two were minors. C. A. Morton was appointed administrator of the estate of R. H. Morton, deceased. On March 19, 1929, W. H. Page, as the surviving member of the partnership of R. H. Morton & Co., executed a deed of assignment attempting to convey to appellant as trustee for all of the creditors of R. H. Morton & Co., all of his, W. H. Page, individual property and all of the partnership property of R. H. Morton & Co. subject to execution, including the property in question. At the time W. H. Page executed the deed of assignment he informed the creditors of R. H. Morton & Co., who had the instrument executed, that seven-eighths of the real estate belonged to the children of R. R. Morton. It was shown without controversy that appellees as children of R. H. Morton did not agree to or ratify the assignment made by W. H. Page.

The trial court found that the property was not firm assets, but was the individual property of R. H. Morton and W. H. Page, and found that same was their business homestead, and that appellant was not entitled to the title or possession of the property by virtue of the deed of assignment. R. H. Morton and wife were married about 1880. Mrs. Morton died in 1921. The property was purchased in 1907 and is presumed to be community property. Immediately upon the death of Mrs. Morton, an undivided one-half of the seven-eighths interest conveyed to R. H. Morton vested in her children. Upon the death of R. H. Morton in 1929, all of his interest in said property vested in his children, subject, of course, unless same is exempt as a business homestead, to the payment of his debts.

The cause was tried to the court and resulted in judgment being entered for appellees for seven-eighths of said property and seven-eighths of its rental value.

Appellees contend that the property in question was the business homestead of their father, R. H. Morton, and is not therefore subject to the payment of his debts. They further contend that W. H. Page had no authority to execute the deed of assignment and that same was executed over their protest and that appellant did not, by virtue of said assignment, obtain any title to the seven-eighths interest in said property, which belonged to their father and mother. They further claim that appellant had been in possession of the property since the 19th of March, 1929, and had refused to pay any rents, and they asked for $60 per month rental.

Appellant's main contention is that the property was a part of the firm assets of R. H. Morton & Co., and as such was primarily liable for the debts of said company. Our courts have uniformly held that, upon the death of a member of a partnership, same is thereby automatically dissolved and the surviving partner, as well as the creditors of the partnership, have a right to have all partner-

ship assets applied first to the payment of partnership debts. Sherk v. First National Bank (Tex. Com. App.) 206 S. W. 507. The deed of assignment executed by W. H. Page, the surviving partner in this case, recites in effect that he for himself and as the surviving partner of R. H. Morton & Co., assigns to the trustee all of the property which belonged to the grantors not exempt by law from execution. Whether the deed of assignment is sufficient to convey the property of R. H. Morton, deceased, not exempt from execution, is not necessary for us to and we do not determine. W. H. Page did not purport to convey any property belonging to the Morton children, or that which was exempt to R. H. Morton at the time of his death.

■ It seems to be the unquestioned holding of our courts that a member of a firm or partnership can acquire a business homestead in firm or partnership property. Especially is this true if, at the time same is so appropriated or becomes such business homestead, the firm or partnership is solvent. Swearingen v. Bassett, 65 Tex. 267; St. Louis Foundry v. International Live-Stock, Printing & Publishing Co., 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870; Griffie v. Maxey, 58 Tex. 210; Williams v. Meyer (Tex. Civ. App.) 64 S. W. 66 (error refused); Gordon v. McCall, 20 Tex. Civ. App. 283, 48 S. W. 1111.

■ Since it appears from the record that when the property in controversy was purchased R. H. Morton was the head of a family, and that said property was used by R. H. Morton as a business homestead, and that, at the time he purchased and paid for same and began using it as a business homestead, both he and the partnership were solvent, and it further appearing that, at the time of his death, R. H. Morton left surviving him at least two minor children as constituent members of his family and at the time of the death of Mrs. Morton she left surviving her her husband and four minor children, said property at the death of R. H. Morton was exempt as a business homestead and was not subject to either his firm or individual debts. Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210; Ward v. Hinkle (Tex. Civ. App.) 252 S. W. 236, 239, reversed on other grounds, 117 Tex. 566, 8 S.W.(2d) 641; Robinson v. Seales (Tex. Civ. App.) 242 S. W. 754.

In Zwernemann v. Rosenberg, supra, our Supreme Court specifically held that a man's homestead, where he left minor children surviving him, was not subject to the payment of his debts. This holding has been cited with approval many times.

In Ward v. Hinkle, supra, the court stated: "It is well settled by the decisions of our Supreme Court that upon the death of insolvent parents, or either of them, the homestead and exempt property of the community are not liable for the ordinary debts of the deceased, provided there survives a constituent member of their family."

Appellant contends that the evidence does not support the finding of the trial court that he had been in possession of the property and had withheld same from appellees, and contends that the judgment for rents is therefore without support in the evidence. Appellant alleged that he took possession of the property under and by virtue of the deed of assignment made on March 19, 1929. He further alleged that the rental value of the property was $600 a year.

C. A. Morton, the administrator of the estate of R. H. Morton, deceased, testified that he had not been able to get possession of the property; that he had demanded possession and had demanded rent and had attempted to collect rents, but had failed. He testified that the reasonable rental value of the property was $60 per month. We think the testimony taken in connection with the admissions contained in appellant's pleadings are sufficient to support the trial court's judgment for seven-eighths of the rental value of the property.

■ The appellant further contends that the judgment of the trial court on appellees' cross-action for rents was not authorized, because appellees did not serve appellant with any notice that they had filed said cross-action. This contention is without merit. The record shows that appellant appeared and answered said cross-action.

■ Appellant contends that the judgment of the trial court is erroneous in that the court in said judgment found that appellees were entitled to only seven-eighths interest in the property, and the judgment awards appellees the entire property. The wording of the judgment of the trial court is vague and perhaps capable of the construction placed thereon by appellant. The clear intention of the judgment as shown by the findings contained therein, and the findings of fact and conclusions of law as filed by the court on the request of appellant, shows that the court only intended to render judgment for appellees for seven-eighths interest in said property. In order that there may be no misconstruction of the judgment of the trial court, that portion of the judgment which reads: "It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing by reason of this suit, and that the defendants, C. A. Morton, E. Morton, Obera Morton, R. E. Morton, Mrs. Cora Caldwell, L. A. Morton, J. P. Morton, Mrs. Ada Byrd, and Mrs. Susie Rape, do have and recover of and from the plaintiff, Vernor Hall, assignee, all right, title and interest of every kind that said plaintiff had or has or may have in and to the following described lands and premises situated in Ellis County, Texas,

* * *" be changed to read: "It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing against the defendants by reason of this suit and that the defendants, C. A. Morton, E. Morton, Obera Morton, R. E. Morton, Mrs. Cora Caldwell, L. A. Morton, J. P. Morton, Mrs. Ada Byrd, and Mrs. Susie Rape, do have and recover of and from the plaintiff, Vernor Hall, assignee, an undivided ⅞ths interest in and to the following described lands and premises situated in Ellis County, Texas. * * *"

The apparent discrepancy in the judgment of the trial court not having been called to the attention of said court, and it appearing to be clearly a misrecital, the costs of appeal are taxed against appellant.

All of appellant's assignments of error are overruled. The judgment of the trial court, as reformed, is affirmed.