## SIMON v. ATLANTA LIFE INS. CO.

### No. 2727.

Court of Civil Appeals of Texas. Waco.

June 26, 1947.

Rehearing Denied Sept. 4, 1947.

John A. Ford, of Dallas, for appellant.

Irwin & Irwin, of Dallas, for appellee.

LESTER, Chief Justice.

The Lone Star Mutual Benefit Association issued a membership certificate to Parthena Webb, agreeing to pay her beneficiary the sum of $46, the same providing annual increases in benefits up to $122 after the expiration of eight years in event of her death. After the certificate was issued the Lone Star Mutual Benefit Association changed its name to the Western Mutual Benefit Company. On April 20, 1941, the Western Mutual Benefit Company entered into a contract with the Atlanta Life Insurance Company, a corporation chartered under the laws of Georgia and doing business in Texas, by which the Western Mutual Benefit Company transferred all of its policyholders and assets to the Atlanta Life Insurance Company, said company agreeing to rewrite all of the policies formerly held by the Western Mutual Benefit Company that were in force as of the date of April 21, 1941, on the basis of its own premium rates at the attained age of the respective policyholders, according to the terms of a rider mutually agreed upon between the two insurance companies.

Parthena Webb died on December 29, 1943. At the date of her death she had paid all premiums due on said certificate, plus the sum of twenty cents which the insured had prepaid. After her death her son, John Webb, as beneficiary, assigned the certificate to Jessie Simon, an undertaker, and Jessie Simon has brought this suit against the Atlanta Life Insurance Company, alleging that said Atlanta Life Insurance Company entered into a contract by which the Western Mutual Benefit Company was acquired by the Atlanta Life Insurance Company, with all its assets, money, furniture and books, and said Atlanta Life Insurance Company agreed to credit to the

policyholders in the Western Mutual Benefit Company all premiums paid subsequent to the date of said assignment; that Parthena Webb, after said agreement, paid her weekly dues according to the terms of her certificate of insurance and they were accepted by the defendant company without protest or reservation.

The appellee pleaded that its liability, if any, was based upon the contract above referred to.

The case was tried by the court without the aid of a jury and judgment was rendered for the appellant for the sum of $22.20.

Appellant says that the appellee did not allege nor show by any proof that Parthena Webb had any notice that the benefits of her policy had been reduced, that any rider had been attached to her policy or that her policy had been re-written, but says appellee allowed the old policy to remain the only contract between the beneficiary and appellee. Appellant further contends that the provision in the certificate binding her to abide by the by-laws of the association then in force and also those that might be passed in the future does not cover a by-law that destroys the benefits or reduces the obligation given in the certificate.

Plaintiff below did not plead any lack of notice on the part of Parthena Webb, or that the Western Mutual Benefit Co. or the appellee had perpetrated any fraud upon the insured, or that the appellee had failed to perform any part of its contract, or any acts pertaining to appellee other than that which has been heretofore quoted.

The case is before us without any statement of facts, but the court, upon motion of the appellee, ordered the exhibits introduced in evidence to be transmitted to this court. The court filed findings of fact and conclusions of law. The certificate issued to Parthena Webb provides that the constitution, laws, rules and regulations of the association are made a part of the certificate and that the applicant agrees in all things to comply with the constitution, laws, rules and regulations of the association of which she is a member, now enacted or that may be hereafter enacted. The by-laws of the

association provide that the by-laws may be amended by a majority of the members of the association present, when ratified by the board of directors and approved by the Board of Insurance Commissioners.

Chapter 9A, Acts of 1929, 41st Leg., in Vol. 14, Vernon's Ann. Civil Stats., being an Act for the regulation of local mutual aid associations, Article 4875a—9, in part provides:

"By-laws of any association may be amended by a majority of the members of the association present when ratified by the Board of Directors at any meeting called by the Secretary, but shall not be effective until approved by the Board of Insurance Commissioners."

Article 4875a—15 of said Act provides:

"Certificates issued by an association shall state that said certificate is issued subject to all the terms of the constitution and by-laws of the association then in force and as the same might thereafter be amended and that said certificate shall be governed by such by-laws and constitutional provisions that the Board of Insurance Commissioners shall theretofore and thereafter approve."

Appellant introduced in evidence the contract entered into between the two insurance companies. Section 3 of said contract is as follows:

"It is specifically covenanted and agreed that in consideration of the transfer to the party of the second part of said policies of insurance, that the party of the second part agrees to rewrite, on the basis of its own premium rates at the attained age of the respective policyholders, as above stated, all policies of the party of the first part, in force upon said April 21st, 1941, according to the terms of Rider mutually agreed upon by the contracting parties to be attached to each policy contract said rider to be approved by the Insurance Commissioners of the states of Texas and Georgia, and to hold the party of the first part harmless as against any liability on said policy contracts after midnight, April 20th, 1941."

Also attached to said contract and made a part of the same is a copy of the resolution by which the members of the Western Mutual Benefit Co. ratified and approved

the re-write contract and authorized the president of said association to execute the same. In the findings of fact filed by the trial judge he found in part as follows:

"(7) At a meeting of the members of the Western Mutual Benefit Company, on February 27, 1941, the members ratified and approved a proposed contract between Western Mutual Benefit Company and the defendant, Atlanta Life Insurance Company; and the president of the Western Mutual Benefit Company was authorized to execute said contract on behalf of that company.

"(8) Said written contract, dated April 21, 1941, was executed by the officers of the Western Mutual Benefit Company and Atlanta Life Insurance Company, with the express approval of the Commissioners of Insurance of the State of Texas and the State of Georgia."

"(10) The form of rider attached to the contract provided a schedule of death benefits based on a weekly premium of five cents at the then attained age of each certificate holder of the Western Mutual Benefit Company. That under the terms and provisions of said written agreement and the schedule set out in the rider, a weekly premium of five cents would purchase a death benefit for Parthena Webb with the Atlanta Life Insurance Company in the amount of $22.00."

In the order of the court granting the motion of appellee to transmit to this court the exhibits introduced during the trial of the case, the court found that the membership certificate was introduced in evidence by the appellant; that the constitution and by-laws of the Lone Star Mutual Benefit Association were introduced by the appellee, and that the re-writing agreement between Atlanta Life Insurance Company and Western Mutual Benefit Company was introduced by the appellant.

The case being before us without a statement of facts, it is impossible for us to know what evidence was introduced below, except the exhibits sent up by the court. Therefore, the findings of fact made by the trial court justify the presumption that the evidence was sufficient to support such findings, and that the court rendered a proper judgment in the case. Baronian v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 9 S.W.2d 292, points 4, 5; Knapek v. Stiba, Tex.Civ.App., 15 S.W.2d 42, points 3, 4; Wilson v. Auer et al., Tex.Civ.App., 5 S.W.2d 160, points 3, 4; Oldham et al. v. Medearis, 90 Tex. 506, 39 S.W. 919; Peacock et al. v. Bradshaw et al, Tex.Sup., 194 S.W.2d 551, points 7 and 8; 5 C.J.S., Appeal and Error, § 1564, subsec f(2), p. 412; Tex. Jur., Vol. 3, p. 1052, sec. 749.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

We have given appellant's motion for rehearing careful consideration, and after having done so, we are still of the opinion that we were correct in our holding as set out in the original opinion. Producers Oil Co. v. Snyder, Tex.Civ.App., 190 S.W. 514; Thomas v. Quarles et al, 64 Tex. 491, 493.

Therefore, appellant's motion for rehearing is overruled.