AMERICAN GUARDIAN INSURANCE COMPANY, Appellant,

v.

John Thomas GROVES, Appellee.

No. 16491.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 21, 1964.

---

Stigall & Maxfield and John F. Maxfield, Dallas, for appellant.

Jimmy P. Horany, Archer City, for appellee.

RENFRO, Justice.

Plaintiff John Thomas Groves sued American Guardian Insurance Company, an old line legal reserve stock company, for 75 per cent of the premiums which he had paid to Vernon Mutual Life and Accident Association, a local mutual insurance company. Previously, American Guardian Life Insurance Company, a state-wide mutual, had reinsured Vernon Life and Accident Association. In a non-jury trial, judgment was rendered for the plaintiff.

In 1960 the membership of American Guardian Life Insurance voted to accept a plan whereby the Company was dissolved, its policies voided and assumption certificates as issued by an old line legal reserve stock company be offered in lieu of the original policies to each policyholder. The Insurance Commissioner approved the plan.

On March 8, 1960, American Guardian Insurance Company, successor to American Guardian Life Insurance Company, mailed assumption certificates, in lieu of policies, to the policyholders of the dissolved company, and on March 8, 1960, the president of American Guardian Insurance Company mailed letters to the policyholders in which each was advised he had a right to accept the legal reserve insurance, or within sixty days return the certificate and request his actuarial portion of the mortuary fund.

The certificate provided that plaintiff would have the same coverage as he had under the mutual policy for a two year term beginning December 31, 1959, and ending December 31, 1961, after which time plaintiff had a choice of three plans set out in the assumption certificate.

Plaintiff did not return the certificate, and did not designate a choice of plans. He continued to pay the quarterly premiums through 1961.

On November 12, 1962, plaintiff filed suit against American Guardian Insurance Company for 75 per cent of the amount of premiums paid by him to his original insurer, the Vernon Mutual Life and Accident Association. The original policy provided that at the age of 70 plaintiff had the option of receiving from the Company an amount equal to 75 per cent of the premiums paid. Although plaintiff reached the age of 70 while Vernon Mutual was still in existence, he never exercised his option to receive the percentage of premiums paid.

Article 14.61, Insurance Code, V.A.T.S., provides: "The standing of all claims under the former association shall be preserved unimpaired under the new corporation, and all debts, liabilities and duties of the former association shall thenceforth attach to the reorganized corporation and may be enforced against it to the same extent as if said debts and liabilities had been incurred or contracted by the new corporation, *except* that the liabilities created under the terms of policies or certificates outstanding at the date of conversion or reorganization may be altered in accordance with the provisions of said plans approved by the Board of Insurance Commissioners; * * *." (Emphasis added.)

It has been held that where mutual benefit association transferred all of its policyholders and assets to insurance company which agreed to rewrite policies according to its own rates and transfer was duly approved and ratified and certificate of insurance had made by-laws part of insurance contract, beneficiary was only entitled to recover benefits in accordance with rewritten policy notwithstanding benefits were reduced thereby, where no fraud was perpetrated upon insured. Simon v. Atlanta Life Ins. Co., Tex.Civ.App., 204 S.W.2d 201.

It is stated in 33 Tex.Jur.2d, p. 47, § 604: "The reorganized company (from mutual to legal reserve) acquires all of the assets, the rights, privileges, and franchises of the former company; and the reorganized company likewise becomes liable to all claims against the former company with the exception that liabilities created under the terms of outstanding policies at the time of conversion for reorganization may be altered in accordance with plans approved by the state board of insurance."

As previously stated, the plan approved by the membership was duly approved by the Board of Insurance Commissioners.

We have studied the entire record with great care and have reached the conclusion that plaintiff did not have a cause of action against American Guardian Insurance Company for the relief sued for. In our opinion, under the Insurance Code and the holding in Simon v. Atlanta Life Ins. Co., supra, we must reverse the judgment of the trial court and render judgment that plaintiff take nothing.

Reversed and rendered.