Dennis MIZELL, Appellant,

v.

M.R. CHAMPION, et al., Appellees.

No. 10–91–204–CV.

Court of Appeals of Texas,
Waco.

April 7, 1993.

Order Denying Rehearing Aug. 4, 1993.

Rehearing Overruled Sept. 1, 1993.

Released for Publication April 11, 1995.

Harry Herzog, Mark D. Wilson, Wesley & Wilson, Houston, for appellant.

Michael Thomas, Michael Thomas, P.C., Mexia, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Dennis Mizell sued M.R. Champion for breaching the fiduciary duty owed to him as a partner and to their partnership. Champion died during the litigation, and his estate became one of the defendants. The jury found that (1) a partnership existed between Mizell and Champion, (2) Champion breached his fiduciary duty to Mizell and to the partnership, (3) Champion's breach was not excused by any breach of the partnership agreement by Mizell, and (4) Mizell suffered $150,000 in damages. Mizell moved for a judgment based on these findings. The court, however, entered a take-nothing judgment in Champion's favor based on findings that the oral partnership agreement was incapable of being performed within one year, thus violating the Statute of Frauds, and that Mizell had materially breached the partnership agreement in January 1987 to the extent that it was not reasonably practicable to carry on the partnership. Neither party attacks the evidentiary support for any of the findings.

Mizell's principal complaint on appeal is that the verdict entitled him to judgment as a matter of law. Consequently, he contends the court erred when it rendered judgment for Champion. Champion insists, however, that the findings in his favor precluded any

recovery by Mizell as a matter of law. We reverse and render judgment for Mizell.

## WAIVER

■ Mizell's first point of error is stated: "The trial court erred and the judgment should be reversed and rendered because the pleadings, proof, and jury findings compel the entry of judgment for [Mizell] for $150,-000 as a matter of law." All through Mizell's briefs runs the complaint that the verdict entitled him to a judgment as a matter of law. Yet, he never expressly states that the court erred when it denied his motion for a judgment on the verdict. Champion first contends that Mizell waived any complaint about the judgment by failing to properly assign error on appeal.

Entry of an erroneous judgment is not fundamental error. *Young v. Hodde,* 682 S.W.2d 236, 237 (Tex.1984). Therefore, a party cannot complain about the failure of the trial court to render a judgment on the verdict unless he first files a motion for judgment. *See* TEX.R.APP.P. 52(a); *Moreno v. Jenkins,* 436 S.W.2d 620, 622 (Tex.Civ. App.—Austin 1968, writ ref'd n.r.e.). Mizell filed such a motion.

A properly stated point assigns error to the adverse ruling or action of the trial court in response to a motion, objection or request made by the complaining party. TEX. R.APP.P. 52(a). This is because an appellate court only reverses on erroneous rulings or actions of the trial court relating to irregularities in the proceeding. *Bell v. Blackwell,* 283 S.W. 765, 767 (Tex.Comm'n App.1926, judgm't adopted) ("Logically, in all cases, the error inheres in the ruling or action of the court, whatever be the subject-matter of such ruling"). Thus, Mizell's first point should have been directed at the failure of the trial court to grant his motion for a judgment on the verdict.

Points of error are liberally construed to adjudicate the litigants' rights fairly, justly, and equitably. *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990) (on rehearing). This means that the past rigorous requirements for the wording of points of error are now relaxed. *Id.* A point is now sufficient if the argument under the point shows the intent of the party to raise the complaint. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633 (Tex.1986). Although not expressly stated in the first point of error, Mizell's argument under the first point is intended as an attack on the refusal of the court to render judgment on the verdict based on his motion. Accordingly, the first point is sufficient to raise that complaint for appellate review.

## IMMATERIAL FINDINGS

The jury found that Mizell's conduct in January 1987 tended to prejudicially affect the carrying on of partnership business and made it impracticable to continue the partnership. This authorized the court to declare the partnership dissolved as of January 1987, which the court did in its judgment. *See* TEX.REV.CIV.STAT.ANN. art. 6132b, § 32(1)(c), (d) (Vernon 1970). Essentially, Champion argues that the dissolution negated any fiduciary duty between him and Mizell back to the inception of their partnership in 1985. According to Champion's reasoning, there was never any fiduciary duty for him to breach as a matter of law.

■ Dissolution of a partnership does not release the partners from their fiduciary duty until the partnership's affairs are wound up. *See id.* at art. 6132b, § 21(1); *Simmons v. Wilson,* 250 S.W.2d 638, 642 (Tex.Civ. App.—San Antonio 1952, writ ref'd n.r.e.). Champion has not cited any authority, and we have found none, to support his contention that the dissolution wiped out any fiduciary duty between him and Mizell and barred all causes of action for breach of that duty back to the inception of their partnership in 1985. Logically, that could not be the law because a partner guilty of a breach of fiduciary duty could escape liability merely by dissolving the partnership. Clearly, a finding of dissolution did not preclude the court from rendering judgment for Mizell based on the verdict or entitle Champion to a judgment based on the verdict or notwithstanding the verdict. The finding of dissolution is immaterial.

■ Nor does the Statute of Frauds serve as an affirmative defense to Mizell's tort-based cause of action for breach of fiduciary

duty. *See Turner v. PV Intern. Corp.*, 765 S.W.2d 455, 461 (Tex.App.—Dallas 1988), *writ denied*, 778 S.W.2d 865 (Tex.1989). Thus, a finding that the partnership agreement could not be enforced because of the Statute of Frauds is also immaterial. It did not bar Mizell's recovery or entitle Champion to a judgment based on the verdict or notwithstanding the verdict.

■ Mizell was entitled to a judgment based on the verdict as a matter of law. *See* Tex.R.Civ.P. 301. Any deemed findings would inure to the benefit of Mizell's right to a judgment. *See* Tex.R.Civ.P. 279. Thus, the court erred as a matter of law when it rendered a judgment for Champion based on the immaterial findings. Accordingly, we sustain the first point, reverse the judgment, and render judgment for Mizell based on the verdict. The cause is remanded for entry of the judgment in accordance with this opinion.

We do not reach Mizell's second point complaining of the exclusion of evidence. We do, however, overrule Champion's cross-point asserting that the appeal is frivolous.

## OPINION ON REHEARING

Who is entitled to a judgment on the verdict?

We held on original submission that the findings establishing a violation of the Statute of Frauds and a dissolution of the partnership were immaterial and should have been disregarded by the trial court. In discussing the materiality of the dissolution finding, we interpreted Champion's overall contention as being that a dissolution of the partnership in January 1987 "wiped out any fiduciary duty between him and Mizell and barred all causes of action for breach of that duty back to the inception of their partnership in 1985." He insists that we misinterpreted his argument.

On rehearing, Champion's contentions relating to the legal effect of the dissolution finding can be fairly characterized in this manner. Dissolution of the partnership in January 1987 ended the only special relationship that would support a fiduciary duty between the parties, and thereby ended any fiduciary duty on his part to solicit business opportunities only for the partnership rather than for himself. Thereafter, he could obtain for M.R. Champion, Inc., his own corporation, a three-year contract with Northwestern Resources for the years 1988 through 1990. Champion also contends Mizell stipulated that his damage claim related only to the partnership's loss of the three-year contract. Thus, Champion insists that he is entitled to a take-nothing judgment as a matter of law because the dissolution finding and the undisputed evidence conclusively established that Mizell was not entitled to recover damages for breach of a nonexistent fiduciary duty relating to the three-year contract.

■ The findings on which Mizell relies for a judgment—i.e., partnership, breach of fiduciary duty, and damages—are not referable to time. They do not ask the jury when the partnership began, whether Champion breached a fiduciary duty before or after January 1987, or limit damages to the partnership's loss of the three-year contract. Because neither party attacks the sufficiency of the evidence supporting any of the findings, we are necessarily bound by them on appeal. *See D.T. Carroll Corp. v. Carroll*, 256 S.W.2d 429, 432 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.).

Findings establishing the existence of a partnership, the breach of a fiduciary duty, and the amount of damages caused by the breach are all *material* to Mizell's right of recovery. Consequently, unless one of these findings can be ignored, Mizell is entitled to a judgment on the verdict as a matter of law. *See Williams v. Wyrick*, 151 Tex. 40, 245 S.W.2d 961, 962 (1952) (holding that a court has a ministerial duty to enter judgment in harmony with the verdict when the findings conclusively establish a party's right to judgment).

In entering a judgment on the verdict, a court can disregard an immaterial finding. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). A finding is immaterial when it should not have been submitted or, if properly submitted, has been rendered immaterial by other findings. *Id.* A finding is material and cannot be ignored, however, if it otherwise affects the legal sig-

nificance of the verdict and the judgment to be entered. *Id.* All three findings relied on by Mizell affect the legal significance of the verdict and are therefore material.

Furthermore, a finding that the partnership dissolved in January 1987 did not render immaterial any of the findings material to Mizell's recovery. Even if there were an apparent conflict between the dissolution finding and Mizell's favorable findings, our duty would be to reconcile those findings, if possible. *See id.* at 195. When the jury found that Champion breached his fiduciary duty to Mizell, it necessarily found that the breach occurred during the partnership's existence; otherwise, there would have been no duty to breach. *See Wilson v. Auer,* 5 S.W.2d 160, 162 (Tex.Civ.App.—Eastland 1928, no writ). Finally, even if asked to, the trial court and this court could not look to the dissolution finding to determine whether Mizell's findings could be ignored because they had no evidentiary support. *See Campbell,* 406 S.W.2d at 195. The trial court could not treat Mizell's findings as immaterial, and thus it could not disregard them.

We deny the motion for a rehearing.

However, a clarification of the rendition of judgment is in order. We render judgment in favor of Mizell for $150,000, jointly and severally, against the Estate of M.R. Champion, Deceased, M.R. Champion, Inc., and Barbara Champion, in her representative capacity as Independent Executrix of the Estate of M.R. Champion, Deceased. The cause is remanded for entry of judgment in accordance with the opinion.