# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

May 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES A. HELM and JUDY NELSON, ) C/A NO. 03A01-9710-PB-00497
                               )

    Plaintiffs-Appellants,       ) CUMBERLAND PROBATE AND
                               ) FAMILY COURT

v.                                )
                               ) HON. JAMES A. BEAN,

HELEN A. HAYES and HARRY     ) JUDGE
SABINE,                      )
                               ) AFFIRMED AND

    Defendants-Appellees.      ) REMANDED

DUDLEY W. TAYLOR, THE TAYLOR LAW FIRM, Knoxville, for Plaintiffs-Appellants.

JOE M. LOONEY, LOONEY & LOONEY, Crossville, for Defendants-Appellees.

## O P I N I O N

Franks, J.

        After the will of the testatrix Mildred L. Fink had been admitted to probate, plaintiffs, children of deceased, filed this action contesting the validity of the will, alleging that "she lacked testamentary capacity" to make a will.

        The testatrix, at the time she executed her will, advised her attorney that she had no children and a statement to that effect was incorporated into her will. Plaintiffs assert that this establishes that the testatrix was suffering from an insane delusion, and the Will should be declared void. After an evidentiary hearing before the Judge without a jury, the Trial Judge ruled that the Will was valid, by concluding the testatrix had the requisite testamentary capacity to make a Will.

The order of the Probate Court admitting the will to probate, was *prima facie* evidence of the validity of the will,[1] and the burden shifted to opponents of the will to prove that the Testatrix was of unsound mind. *See Matlock v. Simpson*, 902 S.W.2d 384; *Harper v. Watkins*, 670 S.W.2d 611, 628 (Tenn. App. 1983).

The courts of this state have recognized that a person suffering from an insane delusion that materially influences the dispositions made in their wills would be a basis to void such wills. This Court has explained an insane delusion thus:

> A person is possessed of a delusion - that is, an insane delusion - when he conceives something extravagant or unreasonable to exist which has no existence except in his own abnormal imagination, but having once conceived the thing or conditioned to exist, it is impossible to reason him out of it.

*Melody v. Hamblin, et al.*, 21 Tenn. App. 687, 701 (1937). *Accord: Gass' Heirs v. Gass' Executors*, 22 Tenn. 278 at 283-4 (1842).

Plaintiffs made out a *prima facie* case that the testatrix was suffering from a delusion, that is, the statement to her attorney and in her will that she had no children. The proponents of the will then offered evidence from the preparer of the will, witness to the will, the testatrix's treating physician and testatrix's sisters that convinced the Trial Judge that the testatrix was not suffering from a delusion at the time she executed her will.

The issue thus becomes whether the evidence preponderates against the findings of the Trial Judge. T.R.A.P. Rule 13(d).

The evidence established that the testatrix abandoned her two children in the early 1950's when they were ages 5 and 6, and their abusive father took them and placed them in a foster home. The testatrix had no further contact with these children throughout the remainder of her life, except she was approached by the son in the

---

[1]The will was executed on March 17, 1994, and testatrix died on February 25, 1995.

1980's when she told him she had no children. The attorney who prepared the testatrix's will testified that after her death he learned that she did have children, and it was his opinion "that she deliberately chose not to tell me the truth" about having children. The testatrix's sister testified at length about having numerous conversations with the testatrix about these children over the years, and that the testatrix would enquire about them periodically. She testified as follows:

> Q. Did you speak with her [testatrix] with some degree of frequency right up until the time she died in February of 1995?
>
> A. Yes.
>
> Q. Did you continue to discuss family matters with her in many of those conversations?
>
> A. Yes.
>
> Q. And by family matters, did that also include discussion of these children?
>
> A. Yes.

The testatrix' personal physician, the only expert to testify, said that to a reasonable degree of medical certainty, he had no reason to believe that she "could not direct a will in a competent manner". The Trial Judge found the sister, Mrs. Partin, credible, and relied upon her testimony in finding that the testatrix was not suffering from an insane delusion. He stated:

> So, based on what Mrs. Partin testified to, obviously the testatrix knew she had children, acknowledged she had children, but for some reason, chose not to make them beneficiaries in her will.
>
> When we look to another item, we can all speculate that perhaps as a result of her hospitalization with a nervous breakdown that this blocked her knowledge of these children. However, I think that's refuted by Mrs. Partin's testimony.

Also, the Judge relied on the doctor's testimony to buttress his finding.

We conclude the evidence does not preponderate against the Trial Court's finding that at the time of the execution of the Will the testatrix knew of the

3

existence of her two children, and was therefore not suffering from an insane delusion which would void her Will.  T.R.A.P. Rule 13(d).

The judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to appellants.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.